ED MCCLELLAN *v*. STATE OF TENNESSEE.

JOHN LEE MCCLELLAN *v*. STATE OF TENNESSEE.

(*Nashville*, December Term, 1954.)

Opinion filed August 2, 1955.

Petition to Rehear denied October 7, 1955.

GEORGE B. HAILE, F. E. HARRIS, JARED MADDUX and ARNOLD CAMERON, all of Cookeville, for plaintiffs.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

By stipulation the same facts and proceedings exist in both cases and they are to be considered as one.

Plaintiffs in error were convicted of selling beer without a permit and by agreement prior to trial by the Court without a jury, were fined $10 each.

They have appealed and assigned several errors, a number of which, in the view we take, it will be unnecessary to discuss.

The pertinent facts are that each of these men prior to October 13, 1952, had a valid permit to sell beer. On that date the Quarterly County Court made it unlawful to sell :beer outside any town or city within 2,000 feet of any school, church, or other place of public gathering.

On February 9, 1953, a petition dated February 6, was filed by three citizens against each appellant with the County Court Clerk for revocation of said permits.

On April 13, 1953, said Quarterly Court acting as a Beer Board, proceeded to act upon the petitions and the plea in abatement filed by each of these respondents, overruled the latter and, after hearing proof that said two businesses were being operated in violation of the above-mentioned 2,000 foot rule, voted that said permits be revoked and ordered the Sheriff to take up said permits. Said action appears in the formal minutes of said Beer Board.

· On April 16 thereafter, respondents filed motions in arrest of judgment. Thereafter there was no formal meeting of the Beer Board as such, but there appears in each case in the permanent file of the Beer Board, a paper dated July 13, 1953, and marked filed by the Clerk on same date, and signed by 26 (a majority) of the Justices of the Peace, which paper purports to overrule and dismiss the motions in arrest of judgment, and to let stand the previous orders of revocation of said permits. The deputy clerk testified that she was directed by the County Attorney not to enter same on the minutes.

Nothing further was done until the indictments at the September term 1954, of the Criminal Court.

·· The only evidence introduced on the trial in the Criminal Court was the testimony of the Sheriff and of the Deputy County Clerk. The defendants rely upon two defenses: (1) That the proceedings before the Beer Board were void, and (2) that, if not void, there was no revocation because the motion in arrest of judgment was never disposed of, and thus there was no final disposition of the matter.

■ We are of opinion that if there was a final disposition of the matter by the Beer Board, then defendants' only remedy under the statute, Code, Sec. 1191.14, 1950 Sup., would have been by common law certiorari, as held in *Putnam County Beer Board v. Speak*, 184 Tenn. 616, 201 S. W. (2d) 991, and that they will not be permitted to have a review of the action of the Beer Board by a collateral attack on same for defects and irregularities that would make such action only voidable.

■ We are of opinion from the facts we have heretofore stated that there was a final disposition of the defendants' motion in arrest of judgment and a reaffirmation of the Board's previous revocation of the licenses,

even though said paper writing was not incorporated in any formal minutes; it was in the permanent file of said Board and available to the public. See: *Tucker v. Carter County Beer Board,* 191 Tenn. 210, 213, 232 S. W. (2d) 38.

■ It is asserted, however, that Code, Sec. 1191.14 is unconstitutional for several reasons. The first is that the same is an amendment by the Act of 1943, to the general beer statute and that the amending Act is broader than the caption. This is without merit, because said Code section was later embodied in the 1950 Code Supplement, so that all questions of the caption to the former Act are irrelevant.

■ Again it is said that said amended Act of 1943 is class legislation, that it restricts the review of the action of Beer Boards to one particular Judge, and that it deprives the licensee of a review as to the weight of the evidence.

Although this attack is not directed at the 1950 Supplement section, the same response could be made that same is without merit. Traffic in intoxicating liquors, beer, etc., may be prohibited altogether, or regulated and restricted in such manner as the Legislature may see fit. *Terry v. Evans,* 189 Tenn. 345, 225 S. W. (2d) 255, 257.

■ By another assignment it is asserted that the Beer Board could not affect an existing permit by the adoption of the 2,000 foot resolution. This is not tenable.

" ' "A license to sell liquor [or beer] is not a contract by right of property but is merely a temporary permit to do that which would otherwise be unlawful." ' " *Terry v. Evans,* supra.

■ See: *Madison v. City of Maryville,* 173 Tenn. 489, 121 S. W. (2d) 540; *State ex rel. Saperstein v. Bass,* 177 Tenn. 609, 152 S. W. (2d) 236, where it is held a municipality may prohibit traffic in liquor in areas where it had

theretofore been lawful. Likewise, a Beer Board may so order.

The only other assignments we desire to mention are two to the effect that the State failed to prove that defendants were not operating under different permits from those revoked both as to time and place of sale, as alleged in the indictment. It seems rather obvious that if defendants possessed any other permits to sell beer, the Board would have known about it and that defendants would have relied on it in the Criminal Court.

All assignments of error are overruled and the judgment below is affirmed.