J. H. DOUGHTY, et al., Complainants-Appellees,

*v.*

THELMA HAMMOND, et al., Defendants-Appellants.

(*Knoxville,* September Term, 1960.)

Opinion filed December 9, 1960.

ELY & ELY, Knoxville, for appellants.

HODGES, DOUGHTY & CARSON, Knoxville, for appellees.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

This suit involves the question of the validity of subsection 3 of Sec. 1 of Ch. 118, Public Acts of 1957, amending T.C.A. sec. 30-610, said subsection appearing in the Code Supplement as subsection 4. This amendment was

enacted to meet the decision in *First Federal Savings & Loan Ass'n of Memphis, Tennessee v. Dearth,* 198 Tenn. 304, 279 S.W.2d 503.

Title 30 of the Code relates to and covers the broad subject of ''Administration of Estates''. Sec. 610 thereof originally appeared as it now appears in subsection 1 of the amendment so that subsections 2, 3 and 4 are added by the amendment and the same now reads as follows:

*''Heir or devisee liable for value of lands where aliened—Claims against land aliened—Lien—Limitation.—*(1) If an heir or devisee alien the land before action brought or process sued out, he shall be answerable to any creditor of decedent for the ancestor's debts to the value of the lands aliened.

''(2) Within one (1) year from the death of any person a mortgagee or purchaser for value from the heir or devisee of such decedent shall take subject to the right of any creditor of decedent whose debt is otherwise unsatisfied to subject the realty to the payment of such debts, as in this title provided. If administration shall have been granted on the estate of such decedent during said period of one (1) year, the rights of creditors whose claims shall ultimately be established in such administration as valid obligations of the estate shall constitute liens on the realty of said decedent, which realty may be subjected to such liens in the hands of the heir or his alienees as in this title provided.

''(3) After one (1) year shall have elapsed from the death of any person, and no personal representative has qualified to administer on his estate, a mortgagee or purchaser for value from the heir of such decedent

shall take title free from the right of any non-lien creditor to subject the same to the payment of his debt, unless said mortgagee or purchaser shall take with actual knowledge of such debt.

"(4) After one (1) year shall have elapsed from the death of any person a mortgagee or purchaser for value from the heir of such decedent shall take free from the title, right, or claims of all persons claiming under any unprobated will of such decedent, unless such mortgagee or purchaser for value shall have actual knowledge of the existence of such unprobated will."

The case is before us on a discretionary appeal by reason of the defendants' demurrer to the original bill having been overruled by the Chancellor.

J. H. Doughty and K. D. Smith filed this suit against Thelma Hammond, et al., by reason of the following facts set out in the bill:

(1) August 6, 1958, William E. Repass died in Knox County;

(2) August 11, 1958, Hugh C. Simpson, appointed Administrator of the estate of William E. Repass by the County Court of Knox County, Tennessee;

(3) September 27, 1958, Mary Inez Repass Thomas (an heir at law of William Ernest Repass) filed a partition suit in the Chancery Court for Knox County, Tennessee, seeking a sale for partition of the property in question;

(4) March 5, 1959, an order of reference to the Master, respecting a sale of the property, was entered;

(5) May 8, 1959, the Master made a report on the reference, and stated therein that Repass died intestate on August 6 (1958).

(6) May 20, 1959, an order was entered providing for sale of the property;

(7) June 20, 1959, bid of $4,000.00 of David E. Smith, Trustee, was received;

(8) June 24, 1959, Robert R. Toole raised bid to $4,400.00;

(9) July 2, 1959, property again offered for sale by Clerk and Master and offer of $5,500.00 was made therefor by Complainants;

(10) August 13, 1959, decree entered confirming the sale of property to Doughty and Smith.

(11) Complainants acquired said property without notice of any claim which might be made thereto by the defendant Hammond, and as innocent purchasers for value; but defendant Hammond is now making claim to said property under a holographic will executed March 15, 1951, which was not discovered, however, until the latter part of March, 1960; and said will has been admitted to probate.

Complainants sought a declaratory judgment and alternative relief. Defendants demurred on several grounds, all of which need not be stated because the assignments of error in behalf of defendant Hammond, et al., do not cover all of said grounds of demurrer. The three assignments of error are:

"The learned court erred in failing to hold that the complainants were not within the letter or the spirit of the act under which they take refuge.

"The learned chancellor erred in failing to hold that, since this was a *judicial sale,* the doctrine of *caveat emptor* applies.

"The learned chancellor erred in failing to hold said Act unconstitutional and void because (a) it deprives property owners, including this defendant, of their property rights without due process of law and is therefore in violation of Article 1, Section 17 of the Constitution of the State of Tennessee; (b) because it deprives property owners, including this defendant, of equal protection of the laws as guaranteed under Article 1, Section 8 of the Tennessee constitution and Section 1 of Amendment 14 of the Federal Constitution in that the limitation of one year therein set forth, which is based upon no apparent necessity, especially for such a short period of limitation, is harsh, arbitrary and unreasonable; (c) because the Act itself is broader than the caption; (d) because the Act contains more than one subject for that, whereas, Sections 1 and 2 of the Act and its caption, refer to the claims and rights of creditors, Section 3, upon which these complainants rely, has to do with the probating of wills and the rights of owners of property and does not mention creditors, two matters entirely foreign one to the other and having no logical connection, all in violation of Article 2, Section 17 of the Tennessee constitution."

█ Appellants assert in the brief that the first two assignments are practically the same. While generally in judicial sales the rule of *caveat emptor* applies, a sale for partition does not, however, fall in that classification. In *Barksdale v. Keisling,* 13 Tenn.App. 699, 703, referring to partition sales, the Court said:

" ' *A sale by the master in a case of this kind is but a mode of sale by the parties themselves.* It is not merely a sale by the law, in invito, of such interest as the party has or may have, in which the rule is, caveat emptor; but professes to be a sale of a particular estate, stated in the pleadings to be vested in the parties, and to be disposed of for the purpose of partition only.' " (Emphasis supplied.)

See also Gibson's Suits in Chancery, 4th Ed., Sec. 641, note 7, or 5th Ed., Sec. 687, note 7; see also 40 Am. Jur. (partition) Sec. 89, stating the general rule to be as above stated in the Court of Appeals case.

Also T.C.A. sec. 16-110 provides as follows:

"In such cases, where the sale is made at the voluntary instance of parties, the decree or deed of the clerk shall imply a covenant of seizin and warranty of title by the parties whose interest is sold, their heirs and representatives, unless otherwise provided in the face of the decree. (Code 1858, sec. 4105; Shan. sec. 5917; Code 1932, sec. 10116)"

It necessarily follows, therefore, from the foregoing authorities that the appellees must be deemed to have purchased from the heirs themselves and, if they are innocent purchasers for value as the bill alleges, they are entitled to the benefits provided by T.C.A. sec. 30-610, subsec. (4); and the rule of *caveat emptor* is not applicable.

The first two assignments of error are accordingly overruled.

Under subsec. (a) of the third assignment of error appellant asserts that the Act is unconstitutional because

it denies defendant a property right without due process of law.

Appellant had no property right in this land until August 6, 1958, the date of death of Repass, which was after the date of the enactment of Ch. 118, Public Acts of 1957. It is axiomatic that no one is heir to the living and since a will speaks as of the date of the death of the testator, a testator may make and revoke as many wills as he likes regardless of the expectations of hopeful prospective heirs or legatees or devisees. See Cooley's Constitutional Limitations, 8th Ed. pp. 749-750.

Referring to subsec. (b) of the third assignment of error, since defendant Hammond had no interest or rights in this property at the time of the enactment of the statute in question, it can not be said that she was deprived of any property right therein.

Moreover, with reference to both subsecs. (a) and (b), in *Epperson v. White,* 156 Tenn. 155, 166, 299 S.W. 812, 815, 57 A.L.R. 601, it is said:

"The power to dispose of property by the will, or real estate at least, depends entirely upon statute. It is not a natural or constitutional right, and may be limited and regulated by legislation."

In *Irving Trust Co. v. Day,* 314 U.S. 556, 562, 62 S.Ct. 398, 401, 86 L.Ed. 452, the Court said:

"Rights of succession to the property of a deceased, whether by will or by intestacy, are of statutory creation, and the dead hand rules succession only by sufferance. Nothing in the Federal Constitution forbids the legislature of a state to limit, condition, or even abolish the power of testamentary disposition over property

within its jurisdiction." Citing *United States v. Fox,* 94 U.S. 315, 24 L.Ed. 192, and other cases.

■ It seems logical, therefore, to say that when appellant did acquire a vested right under the will upon the death of the testator, she did so subject to reasonable regulations of the legislature as to the time within which she should publicly perfect that right in accordance with the statutes in regard to wills and administration. The point is well expressed in *State ex rel. Bier v. Bigger,* 352 Mo. 502, 178 S.W.2d 347, 350, as follows:

"There we held that the limitation in this section on the time for probating a will is reasonable, basing our conclusion on the premise that there is no natural or inherent right to dispose of property by will; that the state has the power to prohibit such disposition entirely and, of course, has the lesser power to prescribe the time for probating a will. We said: 'One of the objects of administration is an orderly settlement of the deceased's affairs and the protection and lawful distribution of his property within a reasonable length of time.' The Supreme Court of the United States refused certiorari to review our decision in *Wyers v. Arnold.*" (347 Mo. 413, 147 S.W.2d 644, 134 A.L.R. 876).

In that case the statute barred probate of a will after a lapse of one year from the granting of letters of administration.

■ A period of one year can not be said to be unreasonable, because it certainly tends to a proper and expeditious administration of a person's estate to be able to know whether there shall be an administrator, or an executor under some will. Mere reference to the index

to our Tennessee Code discloses many statutes of limitations of one year and some for even a shorter period; interestingly enough somewhat in the present connection T.C.A. sec. 64-2604 contains a limitation of 90 days for registration of an instrument executed by a maker but not recorded prior to his death, so far as affects bona fide purchasers from the heir or devisee or legatee.

■ Absent this statute, there is no statutory limitation on the time within which a will may be probated. T.C.A. sec. 30-113 does not apply to wills. *Alsobrook v. Orr,* 130 Tenn. 120, 169 S.W. 1165, Ann. Cas. 1915B, 627; *First Federal Savings & Loan Ass'n. of Memphis, Tennessee v. Dearth,* supra, 198 Tenn. 311, 279 S.W.2d 506.

Finally, under subsec. (c) of the assignments of error it is said that the body of this amendatory act is broader than its caption and under subsec. (d) that the act contains more than one subject, both alleged to be in violation of Art. II, Sec. 17, which provides in part: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

■ Ch. 118, Public Acts of 1957, now under discussion, was reenacted by Ch. 1, Public Acts of 1957, as a part of the Tennessee Code Annotated and Ch. 1, Public Acts of 1959, reenacted the public laws as codified. Therefore, any question as to the caption became moot. *McClellan v. State,* 199 Tenn. 60, 282 S.W.2d 631.

■ The adoption of a code is a legislative act and not a mere revision of existing statutes and the general title is sufficient. *State v. Runnels,* 92 Tenn. 320, 21 S.W. 655; *Brien v. Robinson,* 102 Tenn. 157, 166, 167, 52 S.W.

556

802; *Whitworth v. Hager,* 124 Tenn. 355, 360, 140 S.W. 205.

 Regarding the insistence that T.C.A. sec. 30-610 as now codified contains more than one subject, for the general rule see 50 Am.Jur., Statutes, 184, Sec. 203, and 82 C.J.S. Statutes sec. 215c, p. 356. Both of these texts cite *Chumbley v. People's Bank & Trust Co.,* 166 Tenn. 35, 60 S.W.2d 164, 166, in which the Court said:

"As said in *Davis v. Hailey,* 143 Tenn. 242, 227 S.W. 1021, 1022, 'if the various provisions of an act are directed toward a common purpose, and that purpose is expressed in the title, it would make no difference if the several provisions of the act involved all powers of a Legislature.' And further that Article 2, Section 17, 'imposes no restriction upon the powers exerted nor upon the comingling of such powers so long as the provisions of the statute are not incongruous and are germane to the subject expressed in the caption.' Of similar import are our cases of *Cannon v. Mathes,* 8 Heisk. 504; *Kizer v. State,* 140 Tenn. 591, 205 S.W. 423, and *House v. Creveling,* 147 Tenn. 589, 598, 250 S.W. 357, 359."

It is insisted in behalf of appellants that since this is an amendment to Sec. 610 which before amendment related only to the sale of real property to pay debts, the amendment is not germane to the section amended.

We believe that this is too narrow a construction because the Official Code is divided into Titles, 71 in number, and each Title attempts to cover the entire general subject embraced under said Title. This Title 30 relates to administration of estates. Surely, as heretofore indicated, it is important to the proper administration of es-

tates to be able to determine whether the same will be done under letters testamentary or under letters of administration, because for example, if there is a will to be executed it may involve gifts to public charities and to individuals other than the heirs or next of kin, whereas in the absence of a will, the estate would have to be administered according to the statutes of descent and distribution.

While it may be that this amendment might have been made under some other Title of the Code, it does not follow that it is not germane to the Title under which it is made.

Accordingly, the decree below is affirmed and the cause remanded for further proceedings.