Woodrow HOWARD, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

May 18, 1978.

Certiorari Denied by Supreme Court Aug. 7, 1978.

Edward G. Thompson, Public Defender, A. Kemp Stallings and William C. Moore, Asst. Public Defenders, Memphis, for appellant.

Brooks McLemore, Jr., Atty. Gen., Charles L. Lewis, Asst. Atty. Gen., Nashville, Richard S. McNeese, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

TATUM, Judge.

Woodrow Howard appeals from a judgment finding him guilty of fraudulent use of a credit card (T.C.A. § 39–1954), with a penitentiary sentence of three years. He makes no question concerning the sufficiency of the evidence or the conduct of trial. His assignments of error attack the constitutionality of T.C.A. § 39–1954 and the Trial Judge's instructions to the jury. The assignments are without merit.

The appellant did not testify and introduced no evidence, leaving the State's proof uncontradicted. A purse of Mrs. Jerry W. Hitchcock, containing her BankAmericard, was stolen at a bowling alley. She immediately reported the theft to the police and also to the bank that issued the card. The next day, the appellant entered a clothing store and after selecting about $130 worth of merchandise, presented the stolen Bank-Americard. The store clerk telephoned BankAmericard for authorization of the sale and determined that the credit card was stolen. When she informed appellant, he said that his wife's BankAmericard had been stolen about two weeks previous. The appellant made a telephone call, then took the credit card and left the store, leaving the merchandise he had selected for purchase.

The appellant first urges that the penalty provision of T.C.A. § 39–1954 is unconstitutionally vague. The offense was originally created by § 5 of Chapter 68 of the Public Acts of 1961, which characterized the prohibited acts as misdemeanors. The 1961 Act was amended by Chapter 583 of the Public Acts of 1968, which was captioned "AN ACT to amend Section 39–1951 of Tennessee Code Annotated, relating to the penalty for obtaining goods, property or service by false or fraudulent use of credit cards." T.C.A. § 39–1951 is currently codified as Section 39–1954, as follows:

39–1954. *Credit cards—Obtaining goods, property or service by false or fraudulent use—Penalty.*—It shall be unlawful for any person knowingly *to obtain* or *attempt to obtain* credit, or to purchase or attempt to purchase any goods, property or service, by the use of any false, altered, forged, fictitious, counterfeit or expired credit card, telephone number, credit number or other credit device, or by the use of any credit card, telephone number, credit number or other credit device of another without the authority of the person to whom such card, number or device was issued, or by the use of any credit card, telephone number, credit number or other credit device in any case where such card, number or device has been revoked and notice of revocation has been given to the person to whom issued. The word "notice" as used herein shall be construed to include either notice given to the purchaser in person or notice given to him in writing. Such notice in writing shall be conclusively presumed to have been given when deposited, as registered or certified matter, in the United States mail, addressed to such person at his address as it appears in the files of the issuer of the credit card. Any person violating the provisions of this section shall be guilty of a felony and shall be punished as in the case of larceny.

As codified, the penalty provision of the statute is not vague; it is plain, clear and unambiguous. The appellant urges that the caption of the 1968 enactment, created vagueness which renders the Act unconstitutional. We cannot consider the captions of the 1961 Act or the amending 1968 Act in a search for vagueness, as we must consider the statute as codified, for the reasons stated in considering the next argument of the appellant.

The appellant urges that Chapter 583 of the Public Acts of 1968, which amended Section 5, Chapter 68 of the Public Acts of 1961, is unconstitutional because the body of the 1968 Act is broader than its caption, thus violating Article II, Section 17 of the Tennessee Constitution.

We note that the 1961 Act denounced the fraudulent use of a credit card in *"obtaining* or *attempting to obtain* credit, goods, property."* As stated, the 1968 Act made its violation a felony and provided that it be punishable as in the case of larceny. The caption of the 1968 Act did not use the phrase *"attempting* to obtain___"* and it is for this reason that the appellant insists that the 1968 statute is unconstitutionally broader than its caption. The appellant relies upon *Farris v. State*, 535 S.W.2d 608 (Tenn.1976), and *State v. Hailey*, 505 S.W.2d 712 (Tenn.1974).

The State's theory is that once an Act is codified, it becomes valid law, and applies to the commission of subsequent crimes regardless of the nature of the legislative acts from which the code section was derived. The State insists that once a legislative act is embodied in the official code, all infirmities in the caption of the legislative enactment are cured and questions concerning a defective caption of the Act become irrelevant. In support of its theory, the State cites *Keaton v. State*, 212 Tenn. 690, 372 S.W.2d 163 (1963); *McClellan v. State*, 199 Tenn. 60, 282 S.W.2d 631 (1955); *Doughty v. Hammond*, 207 Tenn. 545, 341 S.W.2d 713 (1960).

The distinction in the cases cited by the State and in those cited by the appellant is that in the former, the legislative enactments involved had been officially codified before any constitutional question arose, while in the latter, the codification occurred after the constitutional question had been raised.[1] In the *Farris* and *Hailey* cases, the Public Acts involved had not been healed by codification. On the other hand, in *Keaton, McClellan* and *Doughty*, the Acts considered had been codified.

The offense in the instant case was committed in 1977, long after the 1968 amendment, to which objection is made, became a part of Tennessee Code Annotated as § 39–1954, by reason of Chapter 1 of the Public Acts of 1969. We therefore hold that any defect in the caption of the 1968 Act was cured by codification. We also hold that T.C.A. § 39–1954, as codified, is not unconstitutionally vague with respect to its penal provisions.

Finally, the appellant insists that the Trial Judge erred in refusing to charge the jury with the offense of an attempt to commit a felony. The appellant predicates this assignment on the proposition that the appellant did not actually obtain the goods, but only attempted to do so. The appellant was indicted for the attempt to obtain goods in violation of § 39–1954. As previously stated, an attempt to fraudulently obtain goods is a violation of the statute and the punishment is the same for the attempt as for the actual obtaining of the property. The trial judge did not err.

The appellant further contends that the jury should have been given a misdemeanor charge under the provisions of the original 1961 Act on the theory that the 1961 Act is still in effect as to the "attempt" to fraudulently use a credit card, because the word "attempt" was omitted from the caption of the 1968 Act. As stated, the provisions of T.C.A. § 39–1954 are valid as expressed in

---

1. In both the *Farris* and *Hailey* cases, the Supreme Court was dealing with separate 1973 acts which were officially codified by Chapter 414 of the Public Acts of 1974 (passed January

24, 1974). The *Farris* question arose out of a trial on October 24, 1973 and the *Hailey* question was first raised by plea in abatement filed September 26, 1973.

the code, including the provision that the attempt to fraudulently obtain property in violation of the statute is a felony punishable as in the case of larceny.

Both the State and the appellant favored us with excellent briefs, which have been very helpful.

The judgment of the Criminal Court is affirmed.

DWYER, P. J., and FAQUIN, Special Judge, concur.