CITY OF MURFREESBORO et al.,
Appellants-Defendants,

v.

Robert Eugene FORTNER,
Appellee-Plaintiff.

Supreme Court of Tennessee.

Aug. 21, 1978.

Thomas L. Reed, Jr., Murfreesboro, for appellants-defendants.

R. Steven Waldron, Murfreesboro, for appellee-plaintiff.

## OPINION

HARBISON, Justice.

Except for a procedural question, the disposition of this case is controlled by the opinion of the Court in the cases of *City of Murfreesboro v. Pilkington* and *City of Murfreesboro v. Davis,* Tenn., 569 S.W.2d 805, decided today. Finding that the procedural question in the present case does not warrant a different disposition, we affirm the decision of the Chancellor.

Appellee applied to the City Council of Murfreesboro, acting as a Beer Board, for a permit authorizing on-premises consumption of beer in connection with the operation of a pizza parlor. The application was denied on the ground that appellee's proposed site was within 2000 feet of a church and a school. It was stipulated that appellee was personally qualified for the permit sought, and that his site complied with all other city ordinances except the distance requirement. For the reasons stated in the *Pilkington* and *Davis* cases, *supra,* we concur in the finding of the Chancellor that there has been discriminatory enforcement of the ordinances imposing a fixed distance requirement to the point that they may no longer be used as a basis for denying an application which otherwise complies with city ordinances.

Appellee submitted his application for an on-premises permit on May 4, 1976. It was denied by the City Recorder on May 7 for the reasons stated above. Appellee appealed to the City Council, and on May 13, 1976, personally appeared before it. He was advised that a decision would be rendered within two weeks.

Apparently learning that a revision of the ordinances was in process, however, he filed suit on May 20, 1976, in the Chancery Court, seeking a declaratory judgment and a restraining order against amendment of the ordinances. The Chancellor denied the restraining order but permitted the suit to remain as one for declaratory judgment.

Because suit was pending, the City Council refused to act on appellee's application. It filed a motion to dismiss in the chancery suit, alleging that appellee had failed to exhaust his administrative remedies. This motion was overruled on August 26, 1976.

Appellee's case was then consolidated for trial with the cases of *Pilkington* and *Davis.* On March 25, 1977, the Chancellor filed a memorandum opinion, invalidating both the original and the amended ordinances imposing a fixed-distance rule. Recognizing that Mr. Fortner's application had never been acted upon by the City Council, however, the Chancellor remanded his case to the Council for disposition, directing that the result be reported to the court.

The Council refused to rule upon the application, although requested by appellee to do so. Thereupon appellee filed a petition with the Chancellor, in which he averred that he had sought and had been denied a decision upon his application by the Council. He sought appropriate relief from the court. The petition contained a prayer that it be treated as a petition for certiorari as provided in beer cases under T.C.A. § 57–209. The Chancellor apparently so treated it, and in the final decree ordered issuance of appellee's permit along with those in the consolidated cases.

While the procedure followed by appellee, particularly prior to the trial of the case, was irregular, we are unable to sustain the assignments of error of appellants predicated upon a failure of appellee to exhaust his administrative remedies. The application of Mr. Fortner had been pending with the Council for nearly ten months before the Chancellor entered an order expressly directing that body to dispose of it. Upon its explicit refusal to do so, a petition for certiorari and other relief was filed on July 18, 1977. This remained undisposed of until October 26, 1977, but in the interim the Council had continued to withhold action on appellee's application. By the time the Chancellor finally ordered the permit to issue, the application had been pending for over seventeen months.

It was stipulated at the trial that no reason existed for the denial of the permit except the distance requirement, which was invalidated by the Chancellor's opinion filed on March 25, 1977. The conduct of the Council from and after that date, in our opinion, was tantamount to a denial of the application without good cause. A petition for certiorari was timely filed after the Council refused to dispose of the application as ordered by the Chancellor. Under those circumstances, we are of the opinion that the Chancellor was entitled to treat appellee's petition as equivalent to one filed under T.C.A. § 57–209 for review of the denial of a permit. Accordingly we find without merit the contentions of appellants that appellee had failed to exhaust his administrative remedies.

The judgment of the Chancellor is affirmed at the cost of appellants.

HENRY, C. J., and COOPER, FONES and BROCK, JJ., concur.