James E. FARRIS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 27, 1978.

Donald P. Harris, Franklin, for appellant.

Brooks McLemore, Jr., Atty. Gen., Richard S. Maxwell, Asst. Atty. Gen., Nashville, Victor S. Johnson, III, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

O'BRIEN, Judge.

This is an appeal from denial of a petition for post-conviction relief.

Defendant was convicted in the Criminal Court of Davidson County for assault with the intent to commit robbery with a deadly weapon. He was sentenced to serve not less than ten (10) years nor more than fifteen years in the State Penitentiary. His conviction was appealed and affirmed by this court. On grant of certiorari by the Supreme Court the case was consolidated with those of two other defendants to resolve the validity of Section 2, Chapter 163 of the Public Acts of 1973, which appeared as the last paragraph of T.C.A. Sec. 40–2707. This paragraph read then, and does now, as follows:

"It shall be the further duty of the trial judge charging jurors in cases of criminal prosecutions for felony offenses to charge the said jury as to the provisions of this section and as to the provisions of Sections 40–3612, 40–3613, 41–332 and 41–334, wherever applicable."

The Supreme Court held Section 2 of Chapter 163 of the Public Acts of 1973 to be unconstitutional and void for the reasons set forth in their opinion. *Farris v. State*, 535 S.W.2d 608, (Tenn.1976). The sentences for the other two defendants were reduced to the statutory minimum for their respective offenses and the court affirmed the conviction of this defendant. This judgment was sustained on a petition to rehear.

In the case before us defendant says the trial court erred in dismissing his petition for post-conviction relief and assesses two reasons:

(1) It was error to hold this conviction was not void or voidable because of the abridgement of a State or federal constitutional right.

(2) It was error to hold the grounds for relief had been previously determined.

In regard to the first assignment defendant bases his argument on several points: First he says under the provisions of T.C.A. Sec. 40–3805 he is entitled to relief when either his *conviction* or *sentence* is void or voidable because of the abridgement of a constitutional right. It is his view that the trial court's order referred only to his conviction in overruling his petition whereas his complaint is that his sentence is void or voidable because the jury instructions required by the statute are so impermissibly vague and impossible to apply they amount to a constitutional abridgement. He also says the Supreme Court decision in *Adams v. State*, 547 S.W.2d 553, (Tenn.1977), has abrogated the judgment in his case and he is entitled to have the matter reconsidered.

■ There is no merit to the first proposition raised by petitioner. In *Farris*, supra, the Supreme Court specifically said:

"The error which we find in the charge to the jury bears only upon the question of punishment and has no relation to the jury's finding of guilt or innocence."

■ Nor, can we concur in defendant's second averment. He says the issue of the constitutionality of the charge required in the second paragraph of T.C.A. Sec. 40–2707 has not been determined by a majority of the Supreme Court. In the *Farris* case two of the justices found Section 2 of Chapter 163 of the Public Acts of 1973 to be impermissibly vague and impossible to apply. A third justice found the charge unconstitutional as an invasion of the province of the judiciary by the legislature, and a clear violation of the separation of powers doctrine. The lead opinion dwelt at length on the subject of vagueness and held:

"It is obviously impossible for any living human being to compute, prior to verdict, how much time any prisoner will serve and yet this is precisely what trial juries are called upon to do. Otherwise, there is no conceivable point to charging the jury as to these matters."

As opposed to this construction and interpretation, two of the justices dissenting in *Farris* stated this view:

"With respect to the further argument contained in the majority opinion that the · provisions of Section 2 of Chapter 163 of

the Public Acts of 1973 are unconstitutionally vague and impossible of application, I simply cannot agree. There is absolutely no evidence in any of the records before this Court that the jury had the slightest difficulty in understanding or applying the statutes in question, and it is clear from listening to the legislative debates on this Act that the General Assembly felt it necessary and proper for jurors to be allowed to have a general understanding of parole procedures."

■ The argument (made in the trial court) that the statute is a violation of judicial functions by the legislature must also fail. Only one justice reached this conclusion in the *Farris* decision. On the other hand the two dissenting judges said: ". . . , Chapter 163 of the Public Acts of 1973 is consistent with the judicial history of this State, and simply represents a policy decision by the General Assembly contrary to that which had previously been made by the courts. So long as the jurors are the judges of the law as well as the facts, and so long as the jury has the function of fixing the sentence of one accused of crime, . . . , it is within the legislative prerogative to authorize the jurors to consider parole eligibility."

The case for the validity of *Adams v. State*, supra, overruling the *Farris* decision as it applies to *Farris*, bears some further scrutiny. As we read the *Adams* case it appears that the assignment of error made there applied itself to the last paragraph of T.C.A. Sec. 40–2707 whereas, as pointed out in *Adams*, the assignment in *Farris* did not. The holding in the *Adams* case was based on the fact that the conviction had not become final and the assignment of error made in the trial court, the Court of Criminal Appeals, and the Supreme Court was sufficient to enable the petitioner to rely on the rule. The court went on to discuss court rules relative to specificity in assignments and then invoked the provisions of T.C.A. Sec. 40–3409 as an additional reason

for their consideration of the assignment. T.C.A. Sec. 40–3409 provides in essence that no assignment of error is necessary in criminal cases and directs the court to render such judgment on the record as the law demands. It is difficult to reconcile the course taken in *Adams* with that followed in relation to *Farris*. Ordinarily this would be our function as an intermediate appellate court, but since this case relates to the defendant in whose case the decision was handed down it is not within our province to go beyond the ruling of the Supreme Court which has spoken twice on the issue as it relates to this defendant.

■ Petitioner also says it was error to hold that his grounds for relief had been previously determined. It seems clear the matter has been concluded, or previously determined, by the Supreme Court in its decision regarding this petitioner in the *Farris* case. Moreover, the statute, (T.C.A. Sec. 40–3812), goes beyond previous determination and also provides that a ground for relief may be "waived" if it is knowingly and understandingly by-passed in a court where it could have been presented. There is no evidence in the record to rebut the presumption that the grounds for relief were previously waived. See *Arthur v. State*, 483 S.W.2d 95, (Tenn.1972).

■ Other than the fact that jury sentencing is not a constitutional right, but a statutory one, there is a curious corollary issue in this case. The flaw which the Supreme Court found in T.C.A. Sec. 40–2707 was not one which affected individual constitutional rights but only applied to the manner of the enactment of the statute which rendered it invalid under the constitution. In *Farris* the Supreme Court found the second paragraph of T.C.A. Sec. 40–2707 to be unconstitutional because of the defective title. It would thus appear that the 1974 Legislative Act codifying T.C.A. Sec. 40–2707 revalidated that law. *McClel-*

*lan v. State*, 199 Tenn. 60, 282 S.W.2d 631; *Doughty v. Hammond*, 207 Tenn. 545, 341 S.W.2d 713; *Keaton v. State*, 212 Tenn. 690, 372 S.W.2d 163; *International Harvester Company v. Carr*, 225 Tenn. 244, 466 S.W.2d 207; and *Howard v. State*, 569 S.W.2d 861, (Tenn.Cr.App.1978). Whether this raises a due process question as suggested on behalf of defendant is a matter not ripe for decision in this forum.

Defendant's assignments must be overruled and the judgment of the trial court affirmed.

DUNCAN and DAUGHTREY, JJ., concur.