Dallas C. **COFFMAN**, d/b/a PAC & SAC, Plaintiff-Appellant,

v.

**WASHINGTON COUNTY BEER BOARD** et al., Defendants-Appellees.

Supreme Court of Tennessee, at Knoxville.

May 11, 1981.

Walter E. Saylor and James R. Carter, Johnson City, for plaintiff-appellant.

Robert M. May, Jonesboro, for defendants-appellees.

OPINION

DROWOTA, Justice.

This appeal involves the denial of a beer permit by the Washington County Beer Board. The primary issue is the applicability of a rule adopted by the Washington County Quarterly Court acting as a beer board one year after the application was filed by the plaintiff. It is the position of the plaintiff that the laws that were in existence at the time of the filing of his application are the ones that should govern his application, that it was error for the County Beer Board and the trial court to be bound by rules promulgated approximately

one year after his application had been filed.

Plaintiff, Dallas C. Coffman, d/b/a Pac & Sac, submitted his application for a package beer permit to the Washington County Quarterly Court on October 21, 1976. From that date until January 31, 1978, plaintiff continually attempted to have his application heard. The defendant avers that this was the first application for a beer permit filed in Washington County, and the Quarterly Court was not in a position to hear the application. The Quarterly Court proceeded to organize and set up rules of procedure, and on October 24, 1977, the court by resolution adopted certain rules and regulations governing the issuance of beer permits in Washington County. The following rules are pertinent to this case:

V. No permit shall be issued to any person that has not been a resident of Washington County for at least one (1) year.

VIII. No permit shall be issued for the sale, storage and/or manufacture of beer at a location which is within 2,000 feet of any church, school, or other place of public gathering. Neither shall a permit be issued for the sale or storage of beer within 300 feet of a residential dwelling, measured from building to building, provided the owner or occupant of the residential dwelling appears in person before the county beer board and objects to the issuance of such permit or license.

Plaintiff avers that on January 31, 1978, his application was summarily denied on the sole ground that he was not a resident of Washington County. On March 23, 1978, plaintiff filed a petition for writ of certiorari in the Chancery Court of Washington County, seeking a trial de novo and the issuance of a writ of mandamus ordering the defendant to issue him a beer permit. On February 5, 1980, this cause was heard de novo before the Chancellor who found: "that the proposed location described in the application for a beer application is located within 300 feet of at least three (3) homes and residences of persons who appeared as witnesses and testified in open Court as owners of said residential property that they and each of them objected to the sale of beer at the location proposed."

On appeal to this Court plaintiff has raised several issues. Plaintiff avers that Rule V, of the rules and regulations adopted by the Quarterly County Court on October 24, 1977, requiring an applicant to reside in Washington County for one year is void because it exceeds the provisions of the legislative act. We agree that the beer board was in error in relying upon Rule V and defendants concede in their brief that this rule is invalid.

■ Unlike Rule V, Rule VIII, the 300 foot rule, relied upon by the Chancellor was validly promulgated by the County Quarterly Court. See T.C.A. § 57–5–105(f). As stated earlier, the primary issue for our determination is the applicability of this rule which was adopted a year after plaintiff filed his application but before the beer board denied plaintiff's application. Plaintiff contends that the board should have considered only the law in effect in October 1976, when he filed his application.

The Chancellor relying upon *McClellan v. State of Tennessee*, 199 Tenn. 60, 282 S.W.2d 631 (1955), denied plaintiff's permit to sell beer because the location set forth in the application was within 300 feet of a residential dwelling. In *McClellan*, the plaintiff had a valid permit to sell beer prior to October 13, 1952, the date the Quarterly County Court made it unlawful to sell beer outside any town or city within 2,000 feet of any school, church, or other place of public gathering. On April 13, 1953, the Quarterly Court acting as a beer board, after hearing proof that McClellan was operating his business in violation of the 2,000 foot rule, voted to revoke his permit. McClellan asserted before this Court "that the Beer Board could not affect an existing permit by the adoption of the 2,000 rule resolution." This Court responded by stating that, "(t)his is not tenable.

  'A license to sell liquor [or beer] is not a contract by right of property but is mere-

ly a temporary permit to do that which would otherwise be unlawful.'"

199 Tenn. at 64, 282 S.W.2d 631.

If the adoption of the 2,000 foot rule by the beer board in *McClellan* can affect an *existing* permit, certainly the adoption of the 300 foot rule by the Quarterly Court in this case can affect an application which was heard several months later. See *Madison v. City of Maryville*, 173 Tenn. 489, 121 S.W.2d 540 (1938). See also *State ex rel. Saperstein v. Bass*, 177 Tenn. 609, 152 S.W.2d 236 (1941).

Plaintiff contends that he complied with all of the legal requirements and met all of the legal qualifications set forth in T.C.A. § 57–5–105. Had the beer board heard plaintiff's application prior to October 24, 1977, the date the Quarterly Court adopted Rule VIII, the 300 foot rule, then we would agree that plaintiff met all of the legal requirements. However, the board acted on plaintiff's application on January 31, 1978, and at that time under the authority of *McClellan v. State of Tennessee, supra*, Rule VIII was applicable and the proof shows that plaintiff did not meet the requirements of Rule VIII.

Plaintiff next contends that the long delay in granting him a hearing was arbitrary and capricious. We agree that a period of approximately fifteen months does appear to be unreasonable. Had plaintiff filed his petition for certiorari during the period of time in which he was denied a hearing and the board refused to act on his application, then we could find some merit in his argument. See *City of Murfreesboro v. Fortner*, 570 S.W.2d 859 (Tenn.1978). However, in this case the board did act upon plaintiff's application and he received a hearing de novo in the Chancery Court. Plaintiff was not denied a decision upon his application as in *City of Murfreesboro v. Fortner, supra*.

Plaintiff finally contends that the evidence before the Chancellor was insufficient to invoke the 300 foot rule. Having examined the record, we are satisfied that the evidence does not preponderate against the decree of the Chancellor and, accordingly, it is necessary that we affirm it. *Gibson v. Ferguson*, 562 S.W.2d 188 (Tenn.1976). Accordingly, the appeal is dismissed and costs are taxed against the appellant and his sureties.

HARBISON, C. J., and FONES, COOPER and BROCK, JJ., concur.