**STATE of Tennessee, Appellee,**

v.

**Larry M. SNYDER, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 22, 1992.

Permission to Appeal Denied by Supreme Court June 8, 1992.

Thomas McKinney, Jr., Kingsport, for appellant.

Charles W. Burson, Atty. Gen., C. Anthony Daughtrey, Asst. Atty. Gen. of Tennessee, Nashville, David E. Crockett, Dist. Atty. Gen., Johnson City, and Kenneth Baldwin, Asst. Dist. Atty. Gen., Elizabethton, for appellee.

## OPINION

BYERS, Presiding Judge.

The appellant was convicted in a jury trial of driving a commercial motor vehicle while under the influence of an intoxicant, and possessing alcohol while operating a commercial motor vehicle. On the DUI charge, he received a sentence of eleven months and twenty-nine days, with all but thirty days suspended, and a fine of $500. He received a concurrent term of sixty days probation and a $250 fine on the possession charge.

On appeal, he raises five issues:

1. Is being under the influence of an intoxicant or drugs an essential element of the offense of driving while under the influence of intoxicants?

2. Can the operator of a commercial vehicle be guilty of the offense of driving under the influence of an intoxicant without actually being under the influence of an intoxicant?

3. Can a blood test result of .04% (.04% of 1%) on an Intoximeter 3000 sustain a conviction of driving a commercial vehicle while under the influence of an intoxicant?

4. Is the evidence in this case sufficient to convict the appellant of driving while under the influence of an intoxicant?

5. Is the evidence in this case sufficient to convict the appellant of the offense of possession of alcohol?

The judgments are affirmed.

The appellant, who drove a tractor trailer rig for his family-owned business, was stopped on Route 19E in Carter County at 10:30 a.m. by an officer of the Tennessee Public Service Commission for a routine safety inspection. The officer detected the odor of alcohol on the appellant's breath and noted his eyes were bloodshot. There was a passenger in the cab of the truck, and the officer found two empty beer cans and a cold, partially full, can of beer on the passenger's side. Four more full, cold cans of beer were found on the console between the driver's seat and the passenger's seat. The officer cited the appellant for several safety violations, and for not having a commercial driver's license or medical certificate.[1]

The officer ordered the appellant to drive to the Carter County Courthouse where an Intoximeter 3000 breathalyzer test was administered. The test was given twice, at the appellant's request, and both times registered a reading of .04%. The officer testified the appellant told him he had been drinking until 4:00 a.m. that morning.

The officer and the defense witnesses who observed the appellant that morning all agreed the appellant's ability to drive his truck was not visibly impaired.

At trial, the appellant testified he had not had any alcohol to drink since midnight of the night before his arrest. He claimed the

1. Charges relating to the driver's license and medical certificate were dismissed prior to this trial.

**32**

beer in the truck belonged to his passenger.

■ The appellant was charged under T.C.A. § 55–50–408, which provides as follows:

> **55–50–408. Driving under the influence.**—For purposes of this chapter and § 55–10–401, any person who drives, operates or exercises physical control of a commercial motor vehicle with a blood alcohol concentration of point zero four (.04) or more is guilty of the offense of driving while under the influence of alcohol in violation of § 55–50–405.

The court gave the following jury charge:

> It is a misdemeanor to drive a commercial motor vehicle on a public way while under the influence of an intoxicant.
>
> Before you could find the defendant guilty of this offense you must find that:
>
> 1) the defendant was driving or was in physical control of a commercial motor vehicle;
>
> 2) this act occurred on any public road or highway or on any public street or alley of the State; and
>
> 3) the defendant had a blood alcohol concentration of point zero four percent (.04%) or more at the time of the alleged offense.

The appellant claims it was error to refuse to instruct the jury that the appellant had to be "actually physically under the influence of an intoxicant" to find him guilty. He argues the court should have required proof that his ability to drive was impaired, as is required by the general DUI statute found at T.C.A. § 55–10–401 et seq.

By enacting T.C.A. § 55–50–408, the legislature made it a crime to operate a commercial motor vehicle with a blood alcohol concentration of point zero four (.04) or more. Neither the need to prove impairment nor the rebuttable presumption contained in T.C.A. § 55–10–408 applies in such cases. The language of the statute is clear and references to the other DUI provisions in the code indicate that the legislature intended to create a higher standard of care for those who drive commercial

motor vehicles. The jury instruction given in this case was correct and this issue has no merit.

■ The appellant also argues T.C.A. § 55–50–408 was part of a public act which embraced more than one subject, in violation of the Constitution of Tennessee, Art. 2, section 17. Any such error in the caption of an act is cured by the codification of the statute by the legislature. *Howard v. State*, 569 S.W.2d 861 (Tenn.Crim.App. 1978).

The appellant next complains that using a different terminology to express the level of alcohol in the blood makes T.C.A. § 55–50–408 inconsistent with T.C.A. § 55–10–408. We see no inconsistency in the use of these terms which are merely different ways of expressing the percentage of alcohol in the blood and do not find the issue relevant to the case at hand. This issue has no merit.

The appellant's final issues attack the sufficiency of the evidence on both counts. We find there was sufficient evidence for the jury to have found the appellant guilty of both charges beyond a reasonable doubt.

SCOTT and WADE, JJ., concur.