IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
November 6, 2001 Session

## STATE OF TENNESSEE v. DANNY MUNSON

**Interlocutory Appeal from the Criminal Court for Shelby County**
**No. 00-01541     Joseph B. Dailey, Judge**

_____

**No. W2001-00151-CCA-R9-CD - Filed December 31, 2001**

_____

This is an interlocutory appeal by the state from an order by the trial court excluding a .20 breathalyzer result from consideration in the imposition of an enhanced sentence for a DUI offense. The order is vacated and the cause is remanded for trial.

**Tenn. R. App. P. 9; Judgment of the Trial Court Reversed; Cause Remanded**

GARY R. WADE, P.J., delivered the opinion of the court, in which THOMAS T. WOODALL, J., joined. JOE G. RILEY, J., filed a concurring opinion.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General; and James Powell, Assistant District Attorney General, for the appellant, State of Tennessee.

Jeffrey Jones, Memphis, Tennessee, for the appellee, Danny Munson.

**OPINION**

On January 10, 1999, the defendant was arrested and charged with reckless driving, disregarding a red light, and operating a motor vehicle while under the influence of an intoxicant. A breathalyzer examination indicated that the defendant had a .20% blood alcohol content. After being indicted for the offenses, the defendant filed a motion in limine requesting an order disallowing evidence of the breath alcohol test for the purpose of seeking an enhanced sentence under Tennessee Code Annotated section 55-10-403(a)(1), which provides as follows:

> Any person or persons violating the provisions of §§ 55-10-401 S 55-10-404 shall, upon conviction thereof, for the first offense be fined not less than $350.00 nor more than $1,500.00, and such person or persons shall be confined in the county jail or workhouse for not less than 48 hours nor more than 11 months and 29 days; and the court shall prohibit such convicted person from driving a vehicle in the State of Tennessee for a period of one year. In addition to the other penalties set out for a

first offense violation, if at the time of such offense the alcohol concentration in such person's blood or breath is 20/100 of 1% (.20%) or more, the minimum period of confinement for such person shall be seven consecutive calendar days rather than 48 hours. The provisions of this section constitute an enhanced sentence, not a new offense. . . .

The defendant argued that a 5% margin of error for the breathalyzer indicates a range of between .195% and .205% blood alcohol content as established by Lanny Wilder, Supervisor for the Tennessee Bureau of Investigation's Crime Laboratory in Nashville. The defendant contended that because there is a possibility that his blood alcohol content was actually less than .20%, the results should not be considered for enhanced sentencing purposes.

The trial court granted the motion in limine, holding "that in any trial or proceeding in this cause, the [d]efendant's presumptive breath test of 0.20 percent will not implicate or trigger the seven (7) consecutive days penalty of Tenn. Code Ann. § 55-10-403(a)(1) in that the instrument deviation or tolerance level as a matter of law precludes the [c]ourt from considering or from concluding beyond a reasonable doubt that the [d]efendant has violated the statute." Thereafter, the trial court granted a motion by the state for an interlocutory appeal. See Tenn. R. App. P. 9. A panel of this court approved of the grant.

The defendant relies primarily on the opinion of the court in State v. Mark T. Scisney, No. 01C01-9605-CC-00209 (Tenn. Crim. App., at Nashville, Oct. 16, 1997). In Scisney, where a panel of this court considered a similar question, the defendant, a commercial trucker who had registered a .04% blood alcohol content in a breathalyzer examination, was found guilty of driving under the influence while operating a commercial motor vehicle in violation of Tennessee Code Annotated section 55-50-408. The applicable statute provided as follows:

> For purposes of this chapter and § 55-10-401, any person who drives, operates or exercises physical control of a commercial motor vehicle with a blood alcohol concentration of point zero four (.04) or more commits the offense of driving while under the influence of alcohol, in violation of § 55-50-405.

Scisney, slip op. at 12. The TBI acknowledged that the Intoximeter 3000, which was utilized in determining the defendant's blood alcohol content, had a five percent margin of error. An expert acknowledged the possibility that the defendant had a blood alcohol content of as low as .035. Although the state's burden of proof for the defendant's conviction under § 55-50-408 in Scisney was beyond a reasonable doubt, Judge Thomas Woodall, who authored the lead opinion, determined that the legislature had developed a "'per se' driving under the influence statute similar to the statutes in New Jersey, Kentucky, and Delaware." Slip op. at 5. Citing State v. Sensing, 843 S.W.2d 412 (Tenn. 1992), Judge Woodall wrote that the breathalyzer test results were admissible when a proper foundation had been established and that so long as the level of blood alcohol of a defendant commercial motor vehicle driver was .04 or above, as measured by a properly qualified examination, he was guilty of the offense. Id., slip op. at 15; see also State v. Snider, 835 S.W.2d 30 (Tenn. Crim.

App. 1992). This view implies that the legislature took into account any mechanical margin of error before enacting the legislation. While Judge Tipton, who concurred in the result, expressed a reluctance to adopt the conclusion that an Intoximeter 3000 reading of .04% was, standing alone, sufficient to establish guilt beyond a reasonable doubt, he agreed that the other testimony in the case, which established that the defendant had "a couple of tall beers in Georgia several hours earlier," that the arresting officers smelled alcohol on his breath, and that 30 to 40 minutes elapsed before the test was administered, was sufficient to support the conclusion that the defendant had a .04% blood alcohol concentration. Id., slip op. at 1-2 (Tipton, J., concurring). Judge Riley dissented, finding that a "reading of .04 is insufficient, by itself, to prove beyond a reasonable doubt that the defendant was driving with a .04 blood alcohol concentration." Id., slip op. at 1 (Riley, J., dissenting). It was his opinion that the other evidence presented at trial, in combination with the breathalyzer test results, was insufficient to establish guilt beyond a reasonable doubt of a .04 blood alcohol content.

This case is, of course, different. The portion of statute at issue applies only to those convicted of driving under the influence who register a blood alcohol concentration of .20% or more. Under the statute, the minimum penalty is enhanced from 48 hours to seven consecutive calendar days of incarceration for those having a blood alcohol content of .20% or greater. The legislation classifies the higher minimum as an enhanced sentence, not a new offense. Typically, the standard of proof for the application of an enhancement factor is by a preponderance of the evidence. State v. Winfield, 23 S.W.3d 279, 283 (Tenn. 2000); see also United States v. Watts, 519 U.S. 148 (1997) (concluding that facts relevant to sentencing may be established by a preponderance of the evidence rather than beyond a reasonable doubt).

In matters of statutory construction, the role of this court is to ascertain and give effect to the intent of the legislature. State v. Williams, 623 S.W.2d 121, 124 (Tenn. Crim. App. 1981). Unless ambiguity requires resort elsewhere to ascertain legislative intent, judicial interpretation of a statute is restricted to the natural and ordinary meaning of the language used. Roddy Mfg. Co. v. Olson, 661 S.W.2d 868, 871 (Tenn. 1983). Legislative enactments must be interpreted in their natural and ordinary sense without a forced construction to either limit or expand their meaning. State v. Thomas, 635 S.W.2d 114, 116 (Tenn. 1982). Courts must construe statutes as a whole and in conjunction with their surrounding parts and their interpretation should be consistent with their legislative purposes. State v. Turner, 913 S.W.2d 158, 160 (Tenn. 1995). The meaning of a statute is to be determined not from specific words in a single sentence or section but from the act in its entirety in light of the general purpose of the legislation; any interpretation should express the intent and purpose of the legislation. National Gas Distrib., Inc. v. State, 804 S.W.2d 66, 67 (Tenn. 1991); Loftin v. Langsdon, 813 S.W.2d 475, 478-79 (Tenn. Ct. App. 1991).

Tennessee Code Annotated section 55-10-403(a) is unambiguous. It is reasonable to infer that the legislature, when enacting this particular statute, was aware of the margin of error inherent in properly administered breathalyzer examinations. It is our conclusion that a .20% breathalyzer result, from a properly administered test, regardless of any margin of error, would be probative of the issue of blood alcohol content and admissible for sentencing purposes. In State v. Sensing, our supreme court concluded that "the purpose of all the testing is to provide objective scientific data to

eliminate guesswork and speculation and to supplement the fallible observations of humans." 843 S.W.2d at 417. Because facts relevant to sentencing are required to be proved by only a preponderance of the evidence, and because the breathalyzer result suggests a probability of a blood alcohol content at or above the required minimum, the test results the state intends to offer as proof should not be excluded from consideration.

Accordingly, the order excluding the introduction of the evidence for enhanced sentencing purposes is vacated and the cause is remanded for trial. Costs are assessed against the defendant, for which execution may issue if necessary.

_____
GARY R. WADE, PRESIDING JUDGE