Truss *v.* The State.

G. N. Truss *v.* The State.

| 18L 311 |
| 110 608 |

ᴄCONSTITUTIONAL LAW. *Sale of cotton.* The act of the Legislature Acts of 1879, ch. 106, entitled "An act to prevent the sale of cotton between sunset and sunrise" is constitutional and valid.

2. CRIMINAL LAW. *Accomplice. Misdemeanors.* There are no accomplices in misdemeanors, and therefore the rule that a conviction cannot be had upon the uncorroborated testimony of an accomplice .does not apply to misdemeanors.

FROM SHELBY.

Appeal in error from the Criminal Court of Shelby ·county. J. M. GREER, J.

S. P. WALKER, W. H. CARROLL and GEORGE ·GANTT for Truss.

J. W. CLAPP and ATTORNEY-GENERAL LEA for .the State.

TURNEY, J., delivered the opinion of the court.

Plaintiff in error was indicted and convicted in the ·criminal court of Memphis of a violation of chapter 166 of the acts of 1879, entitled "An act to prevent the ̃ sale of cotton between sunset and sunrise," and providing :

"Sec. 1. Be it enacted by the General Assembly of the State of Tennessee, That hereafter it shall not be lawful in this State to buy or sell, barter or exchange, or receive on deposit, any cotton in the seed ·or ginned, but not baled, between the hours of sun- .set of any one day and sunrise of another.

Sec. 2. * * * That any merchant or other per-- son violating the first section of this act shall be guilty of a misdemeanor," etc.

It is argued for the accused that the act is violative of so much of section 17 of Article 2 of the Constitution as is contained in the words: "No bill shall become a law which embraces more than one subject, that subject to be expressed in the title."

The question is made upon the use of the words "receive on deposit" in the body of the act, but which are omitted from the title.

We must construe the act by arriving, if we can, at the intention of the framers of the Constitution. We think it clear that the purpose was to put legislators upon notice of what they were called upon to vote for or against, and to avoid and break down what was known before the Constitution of 1870 as omnibus legislation, which consisted in amending bills by matter wholly foreign to the intention of the author of the original, and having no resemblance to the caption or body of his proposed act, thus misleading Assemblymen into the support of something they knew not of, and of which they derived no information from the caption or preamble to the act. Whatever is of sufficient import to direct the mind to the subject of proposed legislation meets the object of the Constitution: *Cannon* v. *Mathes*, 8 Heis., 519; *State* v. *Lassater*, 9 Baxt., 584; *Gowan* v. *State*, MS.

The use in the caption to " prevent sales of cotton" necessarily calls the attention to sales of every character and the steps ordinarily taken to effect them.

The term "receive on deposit" is used in the act in connection with sale, barter and exchange, and as a step to their accomplishment. The Legislature must be understood to have meant "to receive on deposit" with a view to sell, and as a step taken to put the article on the market. In short, the term "sale" must be construed to include every thing necessary to its consummation, the offer to sell being the initial move, a deposit for sale is an offer to sell.

The usual definitions of a deposit cannot control in this case. Now we must define the word by its surroundings, and give to it that sense plainly intended to be gathered from the entire context of the act. We think the act does not violate the Constitution—that the act embraces but one subject in the title.

It is next objected that the conviction was upon the uncorroborated testimony of an accomplice. The objection, in my opinion, is well taken. In the case of Graves & Poston against the State, MS. opinion, July, 1871, Judge Nelson, after an elaborate and very able and exhaustive review of the English and American authorities on both sides of the question, says: "On the whole, we declare the rule of law, and not merely of practice in this State to be as stated by Mr. Joy, that the confirmation ought to be in such and so many parts of the accomplice's narrative as may reasonably satisfy the jury that he is telling the truth, without restricting the confirmation to any particular points, and leaving the effect of such confirmation to the consideration of the jury." He proceeds:

"The charge of the circuit judge is not in accordance with this rule; while he laid down the broad rule, without any qualification, that the jury may be warranted in convicting on the uncorroborated evidence of an accomplice, his advice was that it should be in some measure confirmed by other satisfactory evidence. This is not a sufficient warning to the jury. "In some measure confirmed," furnishes no rule for the government of the jury," etc.

This ruling has been followed in several instances, and is, as I think, the settled one in Tennessee. For some reason the opinion has not been reported.

The majority, however, is of opinion that the rule does obtain in misdemeanors. I am unable to take the distinction, we constantly hold, and have so written, that the doctrine of reasonable doubt applies in misdemeanors. It seems to me the principle is the same in both cases.

Affirmed.