**STATE of Tennessee**

**v.**

**James Edward HAILEY.**

Supreme Court of Tennessee.

Feb. 4, 1974.

David M. Pack, Atty. Gen., of Tenn., Robert H. Roberts, Asst. Atty. Gen., Thomas H. Shriver, Dist. Atty. Gen., E. E. Edwards, III, Asst. Dist. Atty. Gen., Nashville, for appellant.

J. William Rutherford, Nashville, for appellee.

OPINION

McCANLESS, Justice.

The State has perfected its appeal in the nature of a writ of error from the judgment of the Criminal Court of Davidson County, Part Two, by which that court had held unconstitutional and void Chapter 192 of the Public Acts of 1973. Because the constitutionality of the statute is the sole and single question for determination the appeal is to the Supreme Court.

The grand jury indicted James Edward Hailey for murder in the first degree in the following language:

"The Grand Jurors for the State of Tennessee, duly elected, impaneled, sworn, and charged, to inquire for the body of the County of Davidson and State aforesaid, upon their oath aforesaid, present: That James Edward Hailey of said County, heretofore, to wit, on the _____ day of May, 1973 with force and arms, in the County aforesaid, unlawfully, and prior to the return of this indictment, feloniously, willfully, deliberately, premeditatedly and maliciously, or in the perpetration of or while attempting robbery did make an assault with a deadly

weapon upon the body of one James R. Parks, and him the said James R. Parks, he the said James Edward Hailey, then and there did unlawfully, feloniously, wilfully, deliberately, premeditatedly, and of his malice aforethought, or in the perpetration of or while attempting robbery, kill and murder, in violation of Chapter 192 of the Public Acts of 1973, and against the peace and dignity of the State of Tennessee."

Hailey entered a plea of not guilty to the indictment but on motion was allowed to withdraw his plea and to file a plea in abatement by which he contended that (1) Chapter 192 of the Public Acts of 1973, providing for the death penalty for murder is unconstitutional under the standards of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 [1972], and (2) that Chapter 192 "is unconstitutional in that it fails to meet the requirement of Article II, Section 17 of the Tennessee Constitution in that it 'embraces more than one subject' and fails to state 'the substance of the law repealed, revised or amended.' "

■ The Criminal Court in its order expressed the opinion, with which we agree, that the question of the death penalty presented by *Furman v. Georgia*, supra, was premature since the defendant had not been found guilty and sentenced to death. It then determined that Chapter 192 of the Public Acts of 1973, is invalid under the provisions of Article II, Section 17 of the Tennessee Constitution and sustained the plea in abatement. The correctness of this action is the only question presented by the appeal.

The title or caption of Chapter 192 of the Public Acts of 1973 (originally House Bill 553) is as follows:

"AN ACT to amend Title 39 of the Tennessee Code Annotated to prescribe the death penalty for murder in the first degree and for other related purposes."

Section 1 of Chapter 192 provides, among other things, that murder that theretofore had been murder in the second degree thenceforth would be murder in the first degree if the victim should be a fellow prison inmate, or a peace officer, fireman or judge acting in the course of his employment, or a popularly elected public official.

The section also provides that when one is in violation of Tennessee Code Annotated, Section 52–1432(a)(1)(A), a section of the Drug Control Act, and the recipient of the controlled substance dies as the result of such controlled substance, the violator shall be guilty of murder in the first degree.

Section 2 of the Act provides that "Upon conviction or adjudication of guilt of a defendant of murder in the first degree the court shall conduct a separate sentencing proceeding to determine whether the defendant shall be sentenced to death, life imprisonment, or imprisonment for some period over 25 years." The section requires the jury after hearing evidence to render a sentence based on their finding of aggravating circumstances, or mitigating circumstances which are defined in the language of the section. It is further provided that there shall be the automatic review by the Supreme Court of judgments of conviction and sentences of death.

Section 5 provides a new and different punishment for the crime of rape.

Article II, Section 17 of the Constitution of Tennessee is, as follows:

"Bills may originate in either House; but may be amended, altered or rejected by the other. No bill shall become a law which embraces more than one subject, that subject to be expressed in the title. All acts which repeal, revive or amend formers (sic) laws, shall recite in their caption, or otherwise, the title or substance of the law repealed, revived or amended."

■ The controlling issue here is whether Chapter 192 of the Public Acts of 1973 "embraces more than one subject, that

subject to be expressed in the title." We are of opinion that the act is defective because the body embraces more than one subject and because the title or caption does not express all the subject matter set forth in the body. The title did not give to the Legislature and to the public notice of the change that was to be made in increasing the gravity of certain homicides from murder in the second degree to murder in the first degree, in providing for the offense of murder in the first degree when death resulted in certain circumstances from the violation of Section 52–1432, T.C.A., or of the matters we have mentioned which the provisions of Section 2 undertake to change. Ryan v. Terminal Co., 102 Tenn. 111, 50 S.W. 744 [1899].

The Court, by Mr. Justice Shields, in Railroad v. Byrne, 119 Tenn. 278, 104 S.W. 460 [1907], said:

"The particular part of the provision of the Constitution here invoked, that no bill shall become a law which embraces more than one subject, that subject to be expressed in the title, is mandatory, and all legislation, to be valid, must comply with it. This was held by this court in the first case in which this provision came before it for construction, and has been adhered to in all subsequent cases. Cannon v. Mathes, 8 Heisk., 504, 55 Tenn. 504. The object of the provision requiring the subject to be expressed in the title is that members of the general assembly and the public may have notice of the nature of the proposed legislation and surprise and fraud in the enactment of laws prevented, and that of the further provision, that the bill shall embrace but one subject, to prevent improper and unlawful combinations between the members of the general assembly resulting in the passing of statutes which have no natural connection and would in separate bills fail of enactment. It is liberally construed, in order that the general assembly may not be unnecessarily embarrassed in the exercise of its legislative powers and functions, and what-

ever is sufficient to effect its object will be held to be a compliance with this mandate of the organic law, and the legislation in this respect valid. Cannon v. Mathes, supra; Morrell v. Fickle, 3 Lea, 79, 71 Tenn. 79; Truss v. State, 13 Lea, 311, 81 Tenn. 311; Luehrman v. Taxing District, 2 Lea, 425, 70 Tenn. 425; Frazier v. Railway Co., 88 Tenn., 138, 12 S.W., 537."

In McCamey v. Cummings, 130 Tenn. 494, 172 S.W. 311 [1914], the Court said:

"The question now arises whether we shall declare the whole act unconstitutional or only the second section.

"In State v. Trewhitt, 113 Tenn. 561, 571, 82 S.W. 480, it was held that where the matters not falling under the title is distinctly severable, and not so interwoven as that we can see the legislature would not have passed the act with that subject omitted, so much of the act may stand as falls under the title. This holding is fully in accord with the great weight of authority as shown by the following excerpt from Cooley's Constitutional Limitations (5th Ed.), pp. 178, 179, and cases cited, viz.:

\* \* \* \* \* \*

" 'But, if the act is broader than the title, it may happen that one part of it can stand because indicated by the title, while, as to the object not indicated by the title, it must fall. Some of the State constitutions, it will be perceived, have declared that this shall be the rule; but the declaration is unnecessary, as the general rule that so much of the act as is not in conflict with the constitution must be sustained would have required the same declaration from the courts. If by striking from the act all that relates to the object not indicated by the title, that which is left complete in itself, sensible, capable of being executed, and wholly independent of that which is rejected, it must be sustained as constitutional. The principal question in each case will therefore be whether the act is

in truth broader than the title; and, if so, then whether the other objects in the act are so intimately connected with the one indicated by the title that the portion of the act relating to them cannot be rejected, and leave a complete and sensible enactment which is capable of being executed.' "

The objects of this act, in our judgment, are so related to the objects indicated by the title that no part of the body can be elided so as to "leave a complete and sensible enactment which is capable of being executed." We, therefore, hold that Chapter 192 of the Public Acts of 1973 is void for two reasons: (1) it contains more than one subject and (2) the title or caption gave no notice to the Legislature or to the public of some of the subjects contained in its body.

We affirm the judgment of the Criminal Court and remand the case for action consistent with this opinion.

DYER, C. J., CHATTIN and FONES, JJ., and LEECH, Special Justice, concur.