Robert Irwin GWIN et al., Plaintiffs-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Jan. 24, 1975.

NOTE: Certiorari Denied as to Gwin and Howard only, May 12, 1975.

Eulyse M. Smith, Memphis, for Gwin.

Anthony J. Sabella, Memphis, for Partee.

Walker Gwinn, Memphis, for Howard.

R. A. Ashley, Jr., Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Arthur T. Bennett and Leland M. McNabb, Asst. Dist. Attys. Gen., Memphis, for defendant in error.

RUSSELL, Judge.

## OPINION

Plaintiffs-in-error, Robert Irwin Gwin, Floyd L. Partee and Bobby Lee Howard appeal their respective convictions for first degree murder (in the perpetration of a robbery) and one hundred (100) year penitentiary sentences. A fourth accused, Percy Lee James, was granted a severance because mental illness required his commitment to Central State Hospital. Gwin and Partee have retained counsel, while Howard is represented by the Public Defender.

On January 5, 1972, the Silver Saver Grocery Store in Memphis was robbed and a handy man at the store, Jessie Rogers, was shot. He died of his wounds eighteen days later.

Plaintiffs-in-error question the legal sufficiency of the convicting evidence. The State's evidence included several eye-witnesses who identified Gwin as being a participant in the robbery, and as the one who shot Rogers. Gwin also gave a free and voluntary statement admitting his part in the robbery and fatal shooting. Partee was identified by two witnesses as being an active participant in the robbery, during which he was said to have brandished a gun and demanded money from the cashier, and shot the cashier. Partee also gave a free and voluntary statement admitting these facts. The third plaintiff-in-error, Howard, had his car placed at the crime scene. An eyewitness testified that Howard "looked like" the driver of the car. Howard freely and voluntarily gave a statement in which he admitted that he transported the other participants to and from the robbery scene and that the robbery was his idea. He also admitted sharing in the fruits of the robbery.

■ We hold that the convicting evidence is legally sufficient, and the total evidence does not preponderate against the verdict and in favor of innocence. McBee v. State, 213 Tenn. 15, 372 S.W.2d 173 (1963); State v. Grace, Tenn., 493 S.W.2d 474 (1973).

■ Error is assigned upon the trial court's denial of severances. It is clear from this evidence that each of the plaintiffs-in-error was involved in the planning and consummation of this robbery-murder, and that there was such an overlapping of the proof as to make a joint trial desirable as a practical matter. Unless clear prejudice resulted to one or more of the defendants, so that an abuse of the trial judge's discretion in the matter is made to appear, we will not disturb his action on appeal. Gant v. State, 3 Tenn.Cr.App. 658, 466 S.W.2d 518 (1969); Williams v. State, Tenn.Cr.App., 491 S.W.2d 862 (1972). We find no such prejudice, and overrule the assignment.

■ The third assignment of error, also commonly assigned by all three, complains of the admission into evidence of the incul-

patory statements, on the ground that this was a violation of the rule of Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1969). That rule is that an accused's right of cross-examination secured by the confrontation clause of the Sixth Amendment to the federal constitution is violated where, upon a joint trial with a non-testifying co-defendant, the co-defendant's confession inculpating the accused is admitted into evidence, even though the trial judge instructs the jury not to consider the confession against the accused but only against the confessor.

In the case sub judice, only Gwin failed to take the stand. Hence, it is only the plaints of Partee and Howard as they go to the admission into evidence of Gwin's statement that facially raise a *Bruton* question. To further bring the question into focus, not only did the trial judge instruct the jury that they could consider the respective statements only against its maker, but each was redacted to substitute "blank" for the names of the other participants. It is also relevant to reiterate that all had given statements, not just Gwin.

■ While it is arguable that *Bruton* violations occurred as to Partee and Howard, despite the redaction of the statements, Taylor v. State, Tenn.Cr.App., 493 S.W.2d 477 (1972), we have held that where all three co-defendants confessed and there wasn't even a redaction but only a proper instruction from the court to consider each confession only against its maker that no *Bruton* violation occurred. O'Neil v. State, 2 Tenn.Cr.App. 518, 455 S.W.2d 597 (1970). In the case sub judice, we had both a redaction and individual confessions. Additionally, the U.S. Supreme Court has held that a *Bruton* violation does not call for a reversal where such incompetent evidence was merely cumulative and the other evidence was so overwhelming that the court could conclude beyond a reasonable doubt that the

error was harmless. Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L. Ed.2d 284 (1969). We do not find a *Bruton* violation, in the total context of this case; but even if we did, the error would obviously be harmless beyond a reasonable doubt.

■ Plaintiffs-in-error contend that the trial judge improperly interrupted them during opening statements and cross-examination. We have examined this assignment of error and find it to be wholly without merit. The trial judge sometimes interrupted in a quest for clarity, but quite properly so. The assignment is overruled.

The fifth assignment of error is grounded upon the overruling of the pro se preliminary motions, writs and pleas of plaintiffs-in-error, the evidentiary record of which fills five volumes. Habeas corpus was properly denied, a motion to suppress evidence was correctly granted in part, and a plea in abatement bottomed upon an alleged systematic exclusion of minority groups from the grand jury was found not to be supported by the facts. State v. Johnson, 220 Tenn. 49, 413 S.W.2d 694. A "change of venue" to another division of the Criminal Court of Shelby County) was denied, and we find that this was neither arbitrary nor prejudicial. Francis v. State, Tenn.Cr.App., 498 S.W.2d 107 (1973). This assignment is without merit.

■ Next, the contention is made that the trial court erroneously interrupted defense counsel's cross-examination of Mrs. Leon Grusin. The record reflects that this witness was extensively cross-examined, requiring thirty-six (36) pages of transcript to record. There was no denial of the fundamental right of cross-examination. The trial judge did not abuse his large discretion in the control of cross-examination. State v. Fowler, 213 Tenn. 239, 373 S.W.2d 460 (1962).

Gwin assigns as error that his arrest was illegal. It is a sufficient answer to say that the arrest without a warrant was permissible under T.C.A. § 40–803, upon quite adequate probable cause. Gwin also complains of not receiving a preliminary hearing. The record does not show that he sought a preliminary hearing prior to indictment. The statute which gives the right to a preliminary hearing, T.C.A. § 40–1131, expressly qualified the right with the necessity for a request "prior to presentment and indictment", and this language controlled when this indictment was returned on February 25, 1972. (A subsequent 1974 amendment adds language which enlarges the right and permits the abatement of an indictment in some circumstances where no preliminary hearing was held.) Gwin also complains of not having counsel for the preliminary hearing that he did not have, an obviously meritless assignment. While our Supreme Court has recently made clear that there is a statutory right to a preliminary hearing in Tennessee and that such a hearing is a critical stage of the proceedings against a defendant entitling him to counsel at that time, McKeldin v. State, Tenn., 516 S.W.2d 82 (filed at Knoxville, November 12, 1974), the statutory right was not as broad when this prosecution was commenced and it cannot be said that Gwin had such an absolute right. Certainly if he had no right, in the context of this case, to a preliminary hearing, then he had no right to counsel to represent him at a proceeding not held.

Finally, Partee assigns as error that State's witnesses who were in a position to identify the robbers did not identify him. He was identified by two witnesses. The assignment goes to the weight of the evidence, and this has been resolved by the jury's verdict.

We affirm all three convictions.

MITCHELL and DWYER, JJ., concur.