**STATE of Tennessee, Appellee,**

v.

**James Edward DAKIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Dec. 12, 1980.

Permission to Appeal Denied by Supreme Court May 4, 1981.

Richard G. Bonnington, Chattanooga, for appellant.

William M. Leech, Jr., Atty. Gen., William P. Sizer, Asst. Atty. Gen., Nashville, Frank M. Groves, Jr., William H. Cox, III, Asst. Dist. Attys. Gen., Chattanooga, for appellee.

## OPINION

DWYER, Judge.

The appellant appeals his conviction of assault with intent to commit first degree murder by means of a firearm, resulting in bodily injury, with punishment at confinement for 50 years. He was also convicted for committing the offense of robbery with a deadly weapon with the resulting punishment of confinement for life. The trial court ordered the sentences to be served consecutively.

The assignments of error: I. Whether the trial court properly refused to dismiss for cause a juror on the ground that his spouse worked with the victim's spouse. II. Whether the trial court properly allowed the prosecuting attorney to conduct additional voir dire following the defendant's voir dire. III. Whether the trial court properly allowed the State to introduce evidence of a ring by means of photographs. IV. Whether the trial court properly admitted into evidence a pistol, bullets, and tests thereon. V. Whether the trial court properly admitted the in-court and out-of-court identifications of the defendant by the victim. VI. Whether the trial court properly denied the defendant's motion for acquittal at the close of the State's proof. VII. Whether the trial court properly refused to recuse itself. VIII. Whether the State commented on the defendant's failure to testify. IX. Whether the trial court properly allowed the State to argue deterrence and refer to his place of origin during closing argument. X. Whether the trial court properly imposed consecutive sentences upon the defendant.

In Issue VI the appellant contends the court erred in denying his motion for acquittal at the close of the State's proof. He bolsters this by stating that if his motion to suppress the evidence had been sustained, the evidence would have been insufficient. This prompts our narration of the evidence from a reading of this record.

On October 16, 1979, a Mr. Gropper was alone in his place of business, Diamonds Unlimited, located at 3722 Ringgold Road in East Ridge, Hamilton County. A lone person identified as the appellant entered his store around 11:15 a. m. and engaged Mr. Gropper in showing some bridal rings. After looking at the rings, the appellant left the store to get his checkbook. Within five minutes the appellant returned indicating he wanted to see the rings again. When

Mr. Gropper accommodated him, the appellant pulled a revolver and stated, "I'm going to kill you, you son of a bitch." Mr. Gropper told the appellant to take what he wanted and his plea not to be shot, that he was married and had children, went unnoticed as the appellant shot Mr. Gropper, with the projectile passing through his body shattering glass in back of him. The appellant took a tray of rings from the case and fled. Mr. Gropper was taken to the hospital where surgery was performed. Later that evening a police officer presented five photographs to Mr. Gropper who identified appellant's photograph as his robber and assailant. An inventory of Mr. Gropper's store revealed seven rings were taken and five of the rings, never recovered, were valued at $4,100.

On October 17, 1979, Detective Bill Muse of the East Ridge Police Department arrested appellant who was in a pick-up truck on the passenger side. During the arrest, the officer ordered the appellant from the truck and observed him reaching toward the floorboard. After being commanded to keep his hands in plain sight, the appellant reluctantly complied.

A five-shot revolver was found on the floorboard of the truck where appellant's feet had been. A ring taken from his left hand at that time was identified by Mr. Gropper as having been one of the articles taken in the robbery. A spent bullet found on the floor at Mr. Gropper's store was established by an expert firearm examiner offered by the State to have been fired from the revolver found in the truck.

The appellant offered no proof.

■ There was no error in the trial court denying his motion for acquittal in view of the uncontradicted evidence as offered by the State. Tennessee Rules of Criminal Procedure 29(a). Issue VI is overruled. His motion to suppress is dealt with in Issue IV.

■ Issue I: With the appellant exercising a peremptory challenge excusing the juror that the court declined to excuse for cause, there was no error; hence, this issue is without merit. *Swain v. State*, 219 Tenn. 145, 151, 152, 407 S.W.2d 452 (1966); *Long v. State*, 187 Tenn. 139, 146, 213 S.W.2d 37, 40 (1948).

Issue II: With the additional question on the voir dire by the State not being an admonition, there is no merit in this issue.

■ Issue III: As error the appellant urges that he was denied his right of confrontation when a picture of a ring instead of the actual ring which was confiscated from him was introduced into evidence. There is no merit in this issue.

■ Issue IV: With no authorities supporting his issue on the motion to suppress the pistol, bullets and tests thereto, there is no merit in this issue. *Rockett v. State*, 475 S.W.2d 561, 563 (Tenn.Cr.App.1971). From our review of the evidence even with authorities, we are of the opinion this issue should be overruled.

■ Issue V: The appellant urges that Mr. Gropper's use of the "process of elimination" in viewing the photographs of suspects cast doubt on his identification of the appellant. The State urges he used the term to indicate that he had carefully studied all five photographs and that he had determined the features of the other four were not those of his assailant. We agree with the State. A full pre-trial hearing was held. The trial court heard Mr. Gropper and the police officer testify as to the circumstances surrounding the identification of the appellant's photograph. The trial court found from that evidence that the identification was not suggestive. The evidence fully supports that finding and this issue is overruled.

■ Issue VII: There is no support for appellant's contention that the trial court erred in not recusing itself based on his pro se motion alleging bias which originated during the arraignment on his motion for bond reduction. This issue is overruled.

■ Issue VIII: There was no comment on the failure of the appellant to testify when the State's attorney pointed out to the jury there was no evidence in the record

to support appellant's argument that a scared young man accidentally fired the gun. This issue is overruled.

■ Issue IX: The appellant's contention that error was committed during closing argument based on the State's attorney's comment that punishment would have a deterrent effect on the appellant and others from out of state is without merit. *Wooten v. State*, 203 Tenn. 473, 482, 483, 314 S.W.2d 1 (1958). This issue is overruled.

■ Issue X: Finally, the record amply supports the trial court's finding that the appellant was a dangerous offender, *Gray v. State*, 538 S.W.2d 391, 393 (Tenn.1976); therefore, consecutive sentencing was proper and this issue is overruled.

The judgment of the trial court is affirmed.

TATUM and CORNELIUS, JJ., concur.