# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### SEPTEMBER SESSION, 1996



**FILED**

**October 13, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **ROBERT IRWIN GWIN,** | ) | **C.C.A. NO. 02C01-9512-CR-00380** |
| | ) | |
| Appellant, | ) | |
| | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JOSEPH B. BROWN, JR.** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | **(Post-Conviction Relief)** |

FOR THE APPELLANT:

D. TYLER KELLY
Hardee, Martin & Jaynes, P.A.
213 E. Lafayette Street
Jackson, TN  38301

FOR THE APPELLEE:

CHARLES W. BURSON
Attorney General and Reporter

WILLIAM DAVID BRIDGERS
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

JOHN H. PIEROTTI
District Attorney General

JOHN CAMPBELL
Assistant District Attorney
3rd Floor, Criminal Justice Complex
201 Poplar
Memphis, TN  38103

OPINION FILED _____

REVERSED AND REMANDED

JERRY L. SMITH, JUDGE

# OPINION

Appellant Robert Irwin Gwin appeals from the dismissal of his petition for post-conviction relief. On May 21, 1973, Appellant was found guilty of first degree murder in the perpetration of a felony and was sentenced to 100 years imprisonment. This Court affirmed the conviction in Gwin v. State, 523 S.W.2d 636, 639 (Tenn. Crim. App. 1975). In January 1979, former Governor Ray Blanton commuted Appellant's sentence to time served. On April 21, 1994, the Tennessee Board of Pardons and Paroles regained custody of Gwin from the Georgia Department of Correction due to an alleged commutation violation. On December 20, 1994, former Governor Ned McWherter revoked the commutation thereby reinstating the original 100-year sentence. On November 16, 1995, Appellant filed a pro se petition for post-conviction relief which alleged that he received an unconstitutional sentence. For the reasons stated below, we reverse and remand the judgment of the post-conviction court.

Appellant argues that he was sentenced under a statute which was declared unconstitutional by the Tennessee Supreme Court case of State v. Hailey, 505 S.W.2d 712 (Tenn. 1974), and that therefore the sentence he received was null and void. The State claims that Appellant's petition is barred by the statute of limitations found in Tennessee Code Annotated Section 40-30-102 (1990) (repealed). While acknowledging that his petition is well beyond the applicable three year statute of limitations, Appellant alleges that his sentence is void and illegal and may be challenged any time.

An analysis of Appellant's claims requires a synopsis of the history of Tennessee statutes governing the punishment for murder. In 1915, the Tennessee state legislature enacted Chapter 181 of the Public Acts of 1915 (the 1915 Act) which abolished the death penalty in Tennessee and replaced it with a mandatory sentence of life imprisonment. 1915 Tenn. Pub. Acts, Ch. 181. In 1919, the legislature adopted Chapter 5 of the Public Acts of 1919 (the 1919 Act) which provided that persons convicted of murder would be sentenced to death, or if the jury believed that there were mitigating circumstances, they could impose a sentence of life or some period over twenty years. Tenn. Code Ann. § 39-2406 (1955 & 1972 replacements) (repealed). Appellant was sentenced under this statute. In June of 1972, the United States Supreme Court decided Furman v. Georgia, 92 S.Ct. 2726 (1972), which acknowledged certain constitutional restrictions on the imposition of the death penalty by states. In 1973, the legislature enacted Chapter 192 of the Public Acts of 1973 (the 1973 Act), which repealed section 39-2406 and replaced it with a new section 39-2406. 1973 Tenn. Pub. Acts, Ch. 192, § 2. Under the new section 39-2406, a jury could sentence a person convicted of murder to death, life imprisonment or some period over twenty-five years. In February 1974, the Tennessee Supreme Court in State v. Hailey held that the 1973 Act was unconstitutional as it embraced more than one subject and was broader than its title. 505 S.W.2d 712, 715 (Tenn. 1974). In response to the Hailey and Furman decisions, the Tennessee legislature enacted Chapter 462 of the Public Acts of 1974 (the 1974 Act) which provided that all persons convicted of first degree murder would receive the death penalty. 1974 Tenn. Pub. Acts, Ch. 462. In 1977, in response to several U.S. Supreme Court cases interpreting the Fifth and Fourteen Amendments to the

U.S. Constitution as prohibiting a mandatory death penalty, the Tennessee Supreme Court decided Collins v. State, 550 S.W.2d 643 (Tenn. 1977), which declared the 1974 Act unconstitutional. It also held that the invalidation of the 1974 Act revived the 1919 Act's sentencing provisions, with the exception of 1919 Act's death penalty provision which the Court held did not prescribe sufficiently detailed procedures to accomplish "controlled discretion" as required by Furman v. Georgia when a jury imposed a death sentence. 550 S.W.2d at 646. In April 1977, Chapter 51 of the Public Acts of 1977 (the 1977 Act) was enacted which again made the imposition of the death penalty discretionary with the jury. 1977 Tenn. Pub. Acts, Ch. 51. In 1979, the Tennessee Supreme Court decided Miller v. State, which held that life imprisonment was the exclusive punishment for first degree murder for a defendant convicted of murder before the effective date of the 1977 Act. 584 S.W.2d 758, 762 (Tenn. 1979). The Court noted that the Collins decision effectively invalidated all death penalty provisions going back to the 1915 Act, which had life imprisonment as the sole punishment for murder. It also held that because the 1919 Act did not have a severability clause, all of the sentencing provisions of the 1919 Act were unconstitutional, not just the death penalty provision. 584 S.W.2d at 765. In several cases this Court has followed Miller and modified sentences to life imprisonment. For instance, in Wynn v. State, we modified the 99-year sentence of a defendant convicted of murder under the 1919 Act to life imprisonment. No. 03-C-01-9212-CR-00399; 1993 WL 153198, at *1 (Tenn. Crim. App., May 12, 1993). Our decision in Wynn had the effect of reducing the amount of time Wynn had to serve before he was eligible for parole. Apparently, this is why Appellant is appealing his 100-year sentence.

-4-

As stated previously, Appellant claims that he was sentenced under the statute which was declared unconstitutional by State v. Hailey, 505 S.W.2d 712. In Hailey, Chapter 192 of the Public Acts of 1973 was declared unconstitutional. Id. at 714. Appellant was sentenced under the 1919 Act and therefore, Hailey does not support Appellant's position. Nevertheless, the statute Appellant was sentenced under, Chapter 5 of the Public Acts of 1919, was declared unconstitutional in the Tennessee Supreme Court decision of Miller v. State, 584 S.W.2d 758, 765 (Tenn. 1979). The State acknowledges that an illegal sentence may be challenged and corrected at any time. See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). However, the State further argues that an "illegal sentence" within the meaning of Burkhart is a sentence imposed in direct contravention of the express provisions of a statute. Since, Appellant's sentence was permitted by the murder statute in effect when he was convicted, the State argues that, despite the later declared unconstitutionality of the statute, the sentence is merely voidable, not void. Therefore, the State maintains any post-conviction petition seeking to correct the sentence must be filed within the applicable statute of limitations for post-conviction petitions. Because Appellant waited well-beyond the limitations period to file his petition the State maintains Appellant is not entitled to relief.

We are not inclined to read Burkhart in the niggardly fashion suggested by the State. While it is true that Burkhart itself dealt with a sentence imposed in contravention of a statute, nothing in that opinion limits the definition of an illegal sentence to the situation posed in that case. We hold that a sentence imposed under a statute that has been declared unconstitutional by our highest state court is an illegal sentence and may be corrected at any time.

Accordingly, the judgment of the post-conviction court is reversed; Appellant's sentence is modified to a term of life imprisonment. This case is remanded to the trial court for execution of judgment and collection of costs.

_____
JERRY L. SMITH, JUDGE


CONCUR:


_____
JOE B. JONES, PRESIDING JUDGE


_____
DAVID H. WELLES, JUDGE