IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 24, 2003

## ROBERT I. GWIN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. CC-3211     Cheryl Blackburn, Judge**

_____

**No. M2002-02061-CCA-R3-PC - Filed July 9, 2003**

_____

The petitioner, Robert I. Gwin, appeals the trial court's denial of habeas corpus relief. The single issue presented for review is whether the trial court erred by denying an evidentiary hearing on the petition. The judgment is affirmed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. DAVID H. WELLES, J., not participating.

Ron Munkeboe, Jr., for the appellant, Robert I. Gwin.

Paul G. Summers, Attorney General & Reporter; Kim R. Helper, Assistant Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On January 5, 1972, the victim, Jessie Rogers, was shot and killed during the robbery of the Silver Saver grocery store in Memphis. The petitioner, who was identified as a participant in the robbery and the individual who fired the fatal shot, was convicted of felony murder and ordered to serve a 100-year sentence. This court affirmed the conviction on direct appeal. Gwin v. State, 523 S.W.2d 636 (Tenn. Crim. App. 1975). Our supreme court denied certiorari on May 12, 1975.

In January of 1979, former governor Ray Blanton commuted the sentence to time served. Fifteen years later, after a commutation violation, former governor Ned McWherter revoked the commutation and reinstated the original 100-year sentence.

After the revocation, the petitioner filed a petition for habeas corpus relief, alleging that his 1979 sentence had been commuted to time served. The trial court denied relief and, on direct appeal, the petitioner alleged for the first time that there had been no revocation of the commutation, and, in consequence, he was entitled to relief. Because the issue was not first presented to the trial court

and the record was silent on the status of the revocation, the appeal was dismissed and the judgment of the trial court was affirmed. Robert Gwin v. State, No. 02C01-9410-CC-00211 (Tenn. Crim. App., at Jackson, Mar. 8, 1995). Permission to appeal to the supreme court was denied June 5, 1995.

The petitioner then filed a petition for post-conviction relief, alleging that he had received an illegal sentence. Basing his claim upon Miller v. State, 584 S.W.2d 758, 762 (Tenn. 1979), wherein our supreme court had held that life in prison was the exclusive punishment for first degree murder convictions prior to the adoption of Chapter 51 of the Public Acts of 1977, he was denied relief in the trial court. A panel of this court, however, ruled on appeal that the sentence should have been modified to a term of life. Robert Gwin v. State, No. 02C01-9512-CR-00380 (Tenn. Crim. App., at Jackson, Oct. 13, 1997). After the state appealed, the petitioner's case was consolidated with the appeal of Montro Taylor. Our supreme court reinstated the original 100-year sentence, holding that the petition for post-conviction relief was barred by the three-year statute of limitations in existence at that time. Taylor v. State, 995 S.W.2d 78, 86-87 (Tenn. 1999).

In January of 2002, this petition for habeas corpus was filed in the Davidson County Criminal Court. The petitioner argued that he had been denied his rights to due process and equal protection by the revocation of his commutation. The trial court dismissed the petition, holding that the petitioner had failed to state a claim upon which relief could be granted. The trial court also observed that the petitioner had failed to attach a copy of his judgment or offer an explanation for its absence as required by statute. See Tenn. Code Ann. § 29-21-107(2).

In this appeal, the petitioner argues that his right to due process was violated because he did not understand the conditions attached to the commutation of his sentence. He also contends that the order of commutation was unconstitutionally vague and that he was denied equal protection of the law.

A "person in prison or restrained of [his] liberty, under any pretense whatsoever . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the petitioner or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

As the trial court recognized, neither the denial of the right to due process nor the denial of the right to the equal protection of the law qualifies as a cognizable claim in a petition for habeas corpus relief. The petitioner would be entitled to relief only if the sentence imposed was illegal or his term had been fully served. In Taylor, 995 S.W.2d at 86 n.10, our supreme court ruled that the

commutation was conditional and, therefore, subject to revocation. In <u>Taylor</u>, our high court concluded that while the original judgment may have been voidable due to a constitutional violation, the judgment was not void. It held that the trial court that imposed judgment had jurisdiction over both the defendant and the subject matter. <u>Taylor</u>, 995 S.W.2d at 85. Because our supreme court determined that the sentences of the petitioner were neither void nor illegal, no relief was granted. <u>Id.</u> at 86. Because the petitioner was barred by the statute of limitations applicable to post-conviction petitions, he was unable to seek relief on a claim which qualified as merely voidable. <u>Id.</u> In consequence, our supreme court concluded that the sentence could not be modified even if in conflict with the ruling in <u>Miller</u>. <u>Id.</u> at 86-88.

Although the petitioner also argues that the discretion granted to the governor to grant and revoke commutations should be subject to review by the courts, he concedes that the statutory language prohibits review. The petitioner suggests that this court modify the statutes in order to conform with the concepts of due process. That is a matter for the legislature. Further, because the petitioner has not provided any legal argument nor cited any authority to support the relief sought by his petition, that question has been waived. <u>See</u> Tenn. Crim. App. R. 10(b); Tenn. R. App. P. 27(a)(7); <u>State v. Dakin</u>, 614 S.W.2d 812, 814 (Tenn. Crim. App. 1980).

Accordingly, the judgment is affirmed.

_____
GARY R. WADE, PRESIDING JUDGE