IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 24, 2013

## CARL P.E. MUNSEY v. JOHN T. HOWERTON, WARDEN

**Appeal from the Criminal Court for Morgan County**
**No. 2013-CR-29      E. Eugene Eblen, Judge**

**No. E2013-01139-CCA-R3-HC - Filed December 3, 2013**

The petitioner, Carl P.E. Munsey, challenges his sentences for three 1978 convictions for armed robbery. The petitioner's claim is primarily based on an assertion that the sentencing provisions of the statute he was sentenced under had been repealed by the legislature and his sentences are therefore illegal. The habeas corpus court dismissed the petition without a hearing. We conclude that the sentences are not illegal, and we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, delivered the opinion of the Court, in which NORMA MCGEE OGLE and ROBERT W. WEDEMEYER, JJ., joined.

Carl P.E. Munsey, Wartburg, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; and John H. Bledsoe, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### FACTUAL AND PROCEDURAL HISTORY

On October 10, 1978, a jury convicted the petitioner and co-defendant Roger Bowlin of committing three armed robberies which took place in August 1978. The jury fixed the punishment for each conviction at fifty years' imprisonment, and the trial court elected to run the sentences consecutively to one another so that the petitioner received an aggregate sentence of one hundred and fifty years.

In 1987, this Court affirmed the denial of a post-conviction petition filed by the

petitioner. *Munsey v. State*, CCA No. 96, 1987 WL 17306, at \*1-2 (Tenn. Crim. App. Sept. 22, 1987). A few years later, the petitioner sought habeas corpus relief. The petitioner asserted that Tennessee Code Annotated section 39-3901 (1975 & Supp. 1978), which at the time of his trial contained language purporting to authorize the death penalty for armed robbery, had been invalidated by the United States Supreme Court's decision in *Furman v. Georgia*, 408 U.S. 238 (1972) and that "it was unconstitutional for the jury to sentence him for armed robbery pursuant to the statute." *Munsey v. State*, No. 01C01-9209-CR-00299, 1993 WL 143544, at \*1 (Tenn. Crim. App. May 6, 1993). This Court upheld the dismissal of the petition, citing *State v. Bowers*, 673 S.W.2d 887, 889 (Tenn. Crim. App. 1984) for the proposition that "previous case law did not abolish or change the definition of armed robbery or invalidate a defendant's conviction and sentence." *Munsey v. State*, 1993 WL 143544, at \*1. The Court concluded that "[w]hile case law did effectively eliminate the unconstitutional punishment of death from Tennessee's old robbery statute, the other provisions of the statute remained constitutionally sound, including the remaining sentencing penalties." *Id.*

The petitioner filed the instant habeas corpus petition on March 27, 2013. While the petitioner does not allege that the armed robbery statute under which he was convicted is void in its entirety, he contends that the sentencing provision employed was repealed y the legislature and that, consequently, his sentences are illegal.

**ANALYSIS**

The right to habeas corpus relief is guaranteed under article I, section 15 of the Tennessee Constitution. Although the writ may be sought at any time, the grounds upon which relief may be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). The writ may issue "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting *State v. Galloway*, 45 Tenn. (5 Cold.) 326, 336-37 (Tenn. 1868)). In other words, a petitioner will not be granted relief unless he is able to establish that the judgment he challenges is void rather than merely voidable. *Hogan v. Mills*, 168 S.W.3d 753, 755 (Tenn. 2005). A void judgment shows upon the face of the record a lack of jurisdiction in the court rendering the judgment; a voidable judgment, on the other hand, " is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Edwards v. State*, 269 S.W.3d 915, 920 (Tenn. 2008) (quoting *Summers v. State*, 212 S.W.3d 251, 256 (Tenn. 2007)). A sentence imposed in direct contravention of a statute is void. *Summers*, 212 S.W.3d at 256.

The trial court is authorized to dismiss a petition without a hearing if the petition does

not establish that the challenged judgment is void. *Hogan*, 168 S.W.3d at 755 (citing T.C.A. § 29-21-109). The denial of a petition for habeas corpus relief is a question of law and is reviewed de novo with no presumption of correctness. *Edwards*, 269 S.W.3d at 919.

At the time of the petitioner's crimes, the robbery statute provided, in pertinent part:

> Robbery is the felonious and forcible taking from the person of another, goods or money of any value, by violence or putting the person in fear. Every person convicted of the crime of robbery shall be imprisoned in the penitentiary not less than five (5) nor more than fifteen (15) years; provided, that if the robbery be accomplished by the use of a deadly weapon[,] the punishment shall be death by electrocution, or the jury may commute the punishment to imprisonment for life or for any period of time not less than ten (10) years.

T.C.A. § 39-3901(a) (Supp. 1978). This language was originally put into place by Chapter 72, section 1 of the Public Acts of 1955. When the United States Supreme Court's decision was rendered in *Furman v. Georgia*, 408 U.S. 238 (1972), however, it became clear that the death penalty, as it was imposed by the statute, was unconstitutional. Accordingly, in Chapter 192 of the Public Acts of 1973, the legislature attempted to revise those sections of the Code, including the robbery statute, which authorized the death penalty. Section 4 of Chapter 192 of the 1973 Public Acts provided that the robbery statute "is amended by deleting the following words from that section: 'death by electrocution, or the jury may commute the punishment to.'" After the change, the pertinent language read: "if the robbery be accomplished by the use of a deadly weapon[,] the punishment shall be imprisonment for life or for any period of time not less than ten (10) years." T.C.A. § 39-3901 (1975). However, this attempt to alter the robbery statute (and other statutes authorizing the death penalty) was unsuccessful due to a captions clause violation in Chapter 192. *State v. Hailey*, 505 S.W.2d 712, 714-15 (Tenn. 1974); *see* Tenn. Const. art. I § 17. The invalidation of the new law brought back into force the language and all of those provisions of the old law which had not been declared unconstitutional under the United States Supreme Court's new death penalty jurisprudence. *See* T.C.A. 39-3901 (Supp. 1976); *Collins v. State*, 550 S.W.2d 643, 645 (Tenn. 1977). The statute, at the time of the petitioner's conviction, thus contained the language authorizing electrocution, although that provision was not applied due to the Supreme Court's decision in *Furman*.

The State asserts that the petitioner premises relief on grounds which are identical to those addressed in the petitioner's previous habeas corpus action. The petitioner, however, contends that in his prior petition, he sought to have his convictions declared void because

the statute, in its entirety, was unconstitutional under *Furman*. He distinguishes his present action by asserting that he does not challenge his convictions or premise relief on the statute's conflict with *Furman*; instead, he challenges only his sentences and bases relief on an unreported Court of Appeals case dismissing a declaratory judgment action brought by his co-defendant in *Bowlin v. Walkup*, No. 01A01-9805-CH-00246, 1999 WL 33087, at *1 (Tenn. Ct. App. Jan. 27, 1999).

In *Bowlin*, the co-defendant filed a declaratory judgment action to have the armed robbery statute declared unconstitutional. While the grounds of the co-defendant's action are not specified in the opinion,[1] the Court of Appeals dismissed the case, holding:

> In light of the fact that the portion of the statute of which appellant now purports to complain was repealed by the General Assembly of Tennessee in Chapter 192, section 4 of the Public Acts of 1973, a full five years prior to Appellant's indictment on the offenses for which he is now incarcerated, there is thus no justiciable controversy in this case and petitioner has neither standing nor interest in challenging this former statute.

*Bowlin*, 1999 WL 33087, at *1. The *Bowlin* opinion does not indicate that 1973 Public Acts, Chapter 192, which purported to amend the robbery statute, was invalidated by *Hailey*, 505 S.W.2d at 714-15.

The petitioner points to this language in the *Bowlin* opinion as evidence that legislative action or judicial action (by the Court of Appeals in *Bowlin*) has voided the entirety of that section of the statute which delineates a separate punishment for robbery committed with a deadly weapon. *See* T.C.A. § 39-3901(a) (Supp. 1978). According to the petitioner, because the punishment for robbery with a deadly weapon is completely invalidated, the only statutorily authorized punishment is that for simple robbery – five to fifteen years' imprisonment. In other words, the petitioner believes that the "portion of the statute" referred to in *Bowlin* includes the section authorizing the death penalty *and* imprisonment for ten years to life. However, the petitioner misreads *Bowlin*. Even if the Public Act referred to by the Court of Appeals had been valid, the "portion of the statute" cited by the *Bowlin* opinion is limited to the sections authorizing "death by electrocution" or commuting the punishment, and it does not extend to the other punishments, including life in prison, authorized by the statute for the crime of robbery by the use of a deadly weapon.

---

[1] According to the petitioner, the co-defendant claimed that the statute was unconstitutional because it allowed the jury to commute a punishment, which the co-defendant alleged was a solely executive function under article II, section 2 and article III, section 6 of the Tennessee Constitution.

Insofar as the petitioner claims that the legislature abolished a separate punishment for robbery committed with a deadly weapon in Chapter 192 of the Public Acts of 1973, leaving intact only the punishment for simple robbery, his claim must fail for two reasons. First, the Act which amended the sentencing provisions was held to be void in *Hailey*. *Hailey*, 505 S.W.2d at 714-15. Second, the language of the Act clearly excises only the portion of the statute referencing death and commutation, leaving intact the punishment range of ten years' to life imprisonment for robbery committed with a deadly weapon. 1973 Tenn. Pub. Acts ch. 192 § 4. Accordingly, there is no merit in any claim that the petitioner's sentences are void because the sentencing provisions had been repealed through legislation.

The petitioner denies that his current petition presents issues identical to those decided in his previous habeas corpus petition. We nevertheless note that, insofar as he challenges the constitutionality of the sentencing based on the language authorizing electrocution, this Court's 1993 decision also governs his claims. This Court, in addressing his previous habeas corpus petition, concluded that, "[w]hile case law did effectively eliminate the unconstitutional punishment of death from Tennessee's old robbery statute, the other provisions of the statute remained constitutionally sound, *including the remaining sentencing penalties*." *Munsey v. State*, 1993 WL 143544, at *1 (emphasis added). In other words, while after *Furman* it was no longer constitutional to impose the death penalty as set forth in the statute prohibiting armed robbery, the remaining range of punishment detailed in the statute, spanning from ten years' to life imprisonment, was unaffected. This Court has, after *Furman*, upheld life sentences imposed for armed robbery convictions. *See, e.g., State v. Painter*, 614 S.W.2d 86, 90 (Tenn. Crim. App. 1981) (concluding that life sentence was authorized for armed robbery committed in 1979); *Walker v. State*, 544 S.W.2d 905, 907 (Tenn. Crim. App. 1976) ("Life imprisonment is a prescribed punishment for armed robbery, and therefore is not excessive."). Because this Court, in addressing the petitioner's previous habeas corpus filing, upheld as constitutional all portions of the statute other than the provision for the death penalty – "including the remaining sentencing penalties" – the petition was properly dismissed as previously determined insofar as it is premised on a claim that the statutory punishment is unconstitutional. *Munsey v. State*, 1993 WL 143544, at *1.

## CONCLUSION

Because the sentences are neither constitutionally nor statutorily void, we affirm the dismissal of the petition.

_____
JOHN EVERETT WILLIAMS, JUDGE